392 A.2d 1346

COMMONWEALTH of Pennsylvania ex rel. F. Emmett FITZPATRICK, District Attorney of Philadelphia County

v.

Honorable Charles P. MIRARCHI, Jr., Administrative Judge, Trial Division, Court of Common Pleas of Philadelphia County.

Supreme Court of Pennsylvania.

Argued Jan. 17, 1978.

Decided Oct. 5, 1978.

Steven H. Goldblatt, Deputy Dist. Atty., W. Mark Sendrow, Asst. Dist. Atty., Chief, Motions Unit, Philadelphia, for petitioner.

Gordon J. Scopinich, Philadelphia, for respondent, Charles P. Mirarchi.

Vincent J. Fumo, Philadelphia, for respondent, Charles Berman.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

EAGEN, Chief Justice,

This matter involves a petition for Writ of Prohibition filed in this Court on October 17, 1977, by the District Attorney of Philadelphia to prohibit the Honorable Charles P. Mirarchi, Jr., Administrative Judge of the Trial Division of the Court of Common Pleas of Philadelphia, from ordering or conducting a preliminary hearing in the case of *Commonwealth v. Charles Berman,* Municipal Court Transcript No. 77–10–449. We have reviewed the matter and deny the petition.

Charles Berman is charged with various offenses under the Election Code and Crimes Code, none of which carries a penalty of more than five years. Thus, the Municipal Court of Philadelphia has jurisdiction to try the charges in the first instance. Act of October 17, 1969, P.L. 259 § 18, as amended, Act of July 14, 1971, P.L. 224, No. 45, § 1, 17 P.S. § 711.18. See also Pa.R.Crim.P. 6001, 6003.

Prosecution of Berman was commenced on October 4, 1977, by the filing of a complaint charging him with perjury, fraudulent registration, falsification of certificates, unlawful voting, false swearing, and unsworn falsification. Following his arrest pursuant to a warrant, Berman filed a petition for a Writ of Habeas Corpus with the Criminal Motions Court of the Court of Common Pleas to which Judge Mirarchi was then assigned. On October 5, 1977, before preliminary arraignment on the charges, Judge Mirarchi scheduled a hearing on the habeas corpus petition at which time the district attorney requested permission to amend the complaint by adding a charge of tampering with records. Judge Mirarchi denied the request to amend, granted Berman's habeas corpus petition, dismissed the complaint, and discharged Berman on the basis that the complaint contained a substantive defect which could not be remedied by amending it. See Pa.R.Crim.P. 150.[1]

---

1. Pa.R.Crim.P. 150(b) provides:

Subsequently, the district attorney submitted a re-arrest complaint to Judge Mirarchi who continued to sit as the Criminal Motions Court Judge.[2] The second complaint alleged the charge of tampering with records, which was not alleged in the initial complaint. On the basis of the new complaint, Judge Mirarchi found the existence of probable cause and issued a warrant for Berman's re-arrest.

On October 6, 1977, Berman was preliminarily arraigned before Judge Mirarchi. At that time Judge Mirarchi scheduled a preliminary hearing in the matter before himself for October 13, 1977. The district attorney objected to conducting a preliminary hearing in the case, claiming that Berman is not entitled to a hearing on charges triable in the first instance in the Municipal Court and that the Court of Common Pleas has no authority to order a preliminary hearing in a Municipal Court case. On the date set for the hearing, Judge Mirarchi heard argument on the question and ruled that Rule 500(H) of the Rules of Criminal Procedure of the Court of Common Pleas of Philadelphia required him to conduct a preliminary hearing in the Municipal Court cases where there is a re-arrest.[3] Pursuant to a petition by the Commonwealth for a Writ of Supersedeas, this Court entered a stay of proceedings below, pending disposition of

"If a complaint, citation, summons or warrant contains a substantive defect, the defendant shall be discharged unless he waives the defect. Nothing in this rule shall prevent the filing of a new complaint or citation and the issuance of process in which the defect is corrected in a proper manner."

2. The district attorney's petition for Writ of Prohibition states, "[t]he new complaint was submitted to Judge Mirarchi pursuant to his order that any new complaint must be submitted to him." Judge Mararchi's answer to the petition avers that all re-arrest complaints were required to be submitted to him by reason of his assignment as Criminal Motions Court Judge.

3. This local rule of Procedure was promulgated February 22, 1972, and reads as follows:
"(H) Appeal By Way of Re-arrest
When an appeal by way of re-arrest is taken by the Commonwealth, the Judge assigned to the Common Pleas Court Motion Court shall hold the Preliminary Arraignment. The Preliminary Hearing shall likewise be scheduled in the Common Pleas Court Motion Court."

the Commonwealth's petition for Writ of Prohibition. The petition seeks relief from Judge Mirarchi's order that a preliminary hearing be conducted in this case.

The substantive question presented by the Commonwealth's petition for Writ of Prohibition is whether Judge Mirarchi acted properly in ordering a preliminary hearing after Charles Berman was re-arrested on charges triable in the first instance before the Municipal Court of Philadelphia.

Initially, the Commonwealth challenges the propriety of treating this matter as a "re-arrest." It maintains Judge Mirarchi erred when, at the pretrial hearing on Berman's habeas corpus petition, he refused to allow the Commonwealth to amend the complaint by adding the charge of tampering with records, thereby causing the Commonwealth to issue a new complaint which included the additional charge and causing process to issue on the second complaint.

Clearly, the court below acted in compliance with Pa.R.Crim.P. 150 in denying permission to the district attorney to amend his complaint by adding a charge. The omission of an offense from a complaint amounts to a "substantive defect" which cannot be remedied by amending the complaint. Thus, in this case the court was required to discharge the defendant as directed by Rule 150. However, Rule 150 further states that nothing in the rule shall prevent the filing of a new complaint against a defendant who is so discharged and the issuance of process in which the defect is corrected. See also, Pa.R.Crim.P. 132.

This Court has acknowledged that re-arrest is the appropriate procedure and the Commonwealth's only recourse where charges are dismissed and the defendant discharged upon a finding of a lack of a prima facie case since such a determination is interlocutory in nature and, therefore, not appealable. *Commonwealth v. Hetherington,* 460 Pa. 17, 331 A.2d 205 (1975). See also *Riggins Case,* 435 Pa. 321, 254 A.2d 616 (1969); *McNair's Petition,* 324 Pa. 48, 187 A. 498 (1936). Likewise, where, as here, dismissal of the

charges and discharge of the defendant resulted from a determination that the complaint contained a "substantive defect", re-arrest was an appropriate, if not the only, procedure available to the Commonwealth.[4] Thus, the court below properly treated this matter as a "re-arrest."

The Pennsylvania Rules of Criminal Procedure are silent as to any special procedure to be followed in cases of re-arrest. Pursuant to Pa.R.Crim.P. 1 which permits the adoption of local rules of procedure, the Board of Judges of the Court of Common Pleas of Philadelphia, on February 22, 1972, adopted Rule 500(H) of Criminal Procedure entitled "Appeal By Way of Re-Arrest." The rule itself does not distinguish between Municipal Court and Court of Common Pleas cases and appears on its face to apply to all cases of re-arrest. Moreover, Rule 2 of the Rules of Criminal Procedure of the Court of Common Pleas of Philadelphia, entitled "Applicability of Local Rules", states that Rules 400–990 shall apply to criminal proceedings in the Court of Common Pleas and the Municipal Court.

In essence, Rule 500(H) provides that in cases of re-arrest, both the preliminary arraignment and the preliminary hearing shall be conducted by the Court of Common Pleas Criminal Motion Court judge. In the case of an arrest, as distinguished from that of a re-arrest, the committing magistrate may be either a Municipal Court Judge or a Judge of the Court of Common Pleas,[5] and preliminary hearings are

4. Because of defense counsel's use of a writ of habeas corpus to test probable cause to arrest before the preliminary arraignment, the Commonwealth had the option of appealing Judge Mirarchi's grant of habeas corpus to the Superior Court. Act of May 25, 1951, P.L. 415 § 7, as amended, Act of June 3, 1971, P.L. 143, No. 6, § 1, 12 P.S. § 1907. The Commonwealth did not take an appeal, but proceeded by way of re-arrest.

5. Section 16(r) of the Schedule to Judiciary Article V of the Constitution of Pennsylvania provides:
"(r) The municipal court shall have jurisdiction in the following matters: (i) Committing magistrates' jurisdiction in all criminal matters. . . ."
However, this Court has held, in *Commonwealth ex rel. Riggins v. Superintendent of Philadelphia Prisons,* 438 Pa. 160, 263 A.2d 754 (1970), that under § 16 of the Schedule to Article V of the Pennsylva-

provided for only in those cases where the Court of Common Pleas has jurisdiction in the first instance.

■ The Commonwealth maintains that re-arrest in Municipal Court cases should not give rise to any special procedures. It argues since neither Pa.R.Crim.P. 6003 nor the statute establishing Municipal Court jurisdiction (17 P.S. § 711.18) provides for preliminary hearings in Municipal Court cases, a local rule which makes such provision in re-arrest cases is inconsistent and in conflict with the Pennsylvania Rules of Criminal Procedure adopted by the court.[6] Further, it argues that a local rule of criminal procedure may not create substantive rights for defendants that do not exist under the Pennsylvania Rules of Criminal Procedure. We have examined the Commonwealth's arguments and conclude that Rule 500(H), supra, is not inconsistent or in conflict with rules of this Court. We conclude further, that Rule 500(H) creates no new substantive right, but rather adapts local procedures to protect the existing right of all re-arrested defendants to be free from unlawful arrest and detention.

■ An accused in Pennsylvania, with certain exceptions,[7] has the right to a preliminary hearing. See *Commonwealth v. Hoffman,* 396 Pa. 491, 152 A.2d 726 (1959); *Commonwealth v. Green,* 126 Pa. 531, 17 A. 878 (1889); Pa.R. Crim.P. 140; Sadler 2d Ed., 1 Criminal Procedure in Penn-

nia Constitution, "the power of all Common Pleas Court Judges to sit as committing magistrates, which power existed prior to adoption of the new Judiciary Article, continues to be retained by the Judges of the Court of Common Pleas." *Id.* at 167, 263 A.2d 757.

**6.** Pa.R.Crim.P. 1 provides as follows:

" . . . (b) Each of the courts exercising criminal jurisdiction may adopt local rules of procedure which shall not be inconsistent with or in conflict with these rules. . . ."

**7.** There are three recognized exceptions to the holding of a preliminary hearing prior to indictment: (1) where the accused is a fugitive from justice; (2) where there is a presentment of an investigating grand jury directly to an indicting grand jury; (3) when an indicting grand jury makes a presentment based on personal knowledge of the jurors. See *Commonwealth v. McCloskey,* 443 Pa. 117, 130–131, 277 A.2d 764, 777 (1971); *Commonwealth v. Nelson,* 230 Pa.Super. 89, 95, n. 6, 326 A.2d 598, n. 6. (1974).

sylvania §§ 118, 202. As stated in *Commonwealth v. Hetherington,* supra at 460 Pa. 21, 331 A.2d at 208 (quoting *Commonwealth ex rel. Maisenhelder v. Rundle,* 414 Pa. 11, 15–16, 198 A.2d 565, 567 (1964);

> " 'The primary reason for preliminary hearing is to protect an individual's right against unlawful arrest and detention. It seeks to prevent a person from being imprisoned or required to enter bail for a crime which was never committed, or for a crime with which there is no evidence of his connection.' "

While the Pennsylvania Rules of Criminal Procedure make no provision for preliminary hearings in cases triable in the Municipal Court, in effect, the Municipal Court proceedings serve as a preliminary hearing, see *Commonwealth v. Nelson,* 230 Pa.Super. 89, 326 A.2d 598 (1974), since a defendant tried initially without a jury in Municipal Court has the right to trial de novo in the Court of Common Pleas (17 P.S. § 711.18).

Arguably, where charges have been dismissed and the defendant discharged due to the Commonwealth's lack of probable cause to arrest or its failure to make out a prima facie case, greater scrutiny should be given to a second arrest of that defendant on the same charges. Thus, a different procedure may be required to protect against the possibility of repeated arrests on the same charges for the purpose of harassment. Moreover, a different procedure for handling re-arrest complaints may be needed to eliminate the problems of reviewing complaints by another judicial officer of the same or even lower status. See *Commonwealth v. Hetherington,* supra; *Riggins Case,* supra; *McNair's Petition,* supra. Finally a separate procedure may be required to ensure the orderly and consistent treatment of re-arrest cases.

 Perceiving a need for handling re-arrest cases differently, the Board of Judges of the Court of Common Pleas of Philadelphia adopted Rule 500(H) which provides that all preliminary hearings in re-arrest cases be scheduled before the Court of Common Pleas Criminal Motion Court and that

preliminary hearings be afforded in all cases of re-arrest. As applied to a Municipal Court case, the Rule ensures an earlier determination of the legality of a defendant's arrest and detention than would be provided under Pa.R.Crim.P. 6003. The local rule does not create new rights. It merely provides an accelerated procedure for effectuating a defendant's existing right to be free from unlawful detention in a category of cases deserving special scrutiny. Rule 500(H) is not inconsistent or in conflict with the Pennsylvania Rules of Criminal Procedure which are silent on the subject of re-arrest. Therefore, its adoption by the Board of Judges was permitted by Pa.R.Crim.P. 1. Hence, Judge Mirarchi acted properly in ordering a preliminary hearing in the instant case in accordance with Rule 500(H).

Accordingly, the Commonwealth's petition for a Writ of Prohibition is denied.