612 A.2d 418
**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Lawrence Todd LA BELLE, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 22, 1992.

Decided June 17, 1992.

Nicolette Parisi, Arlin M. Adams, Carl A. Solano, for appellant.

Francis P. Sempa, Deputy Atty. Gen., Michael J. Barrassee, Asst. Dist. Atty., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

The issue raised by this case is whether the Commonwealth may bring a second prosecution on the same criminal charge when the new prosecution was brought within the statute of limitations for the applicable charge, but the Commonwealth chose not to appeal an order dismissing the first criminal prosecution because of a non-remediable defect.

La Belle was involved in a one-car accident on June 2, 1985. Eight days after the accident, he was charged with driving under the influence of alcohol ("DUI"). 75 Pa.C.S. § 3731(a).

Fifteen days after the accident, he was charged with driving at an unsafe speed and reckless driving. On August 23, 1985, La Belle pled guilty to driving at an unsafe speed and reckless driving.

Two days later, on August 25, 1985, a district magistrate dismissed the DUI charge because the Commonwealth had failed to file the complaint within five days of La Belle's release from custody, as was required by Rule 130(d) of the rules of criminal procedure. Pa.R.Crim.P. 130(d). The district magistrate, in dismissing the charge, was acting pursuant to Superior Court's holding in *Commonwealth v. Revtai,* 343 Pa.Super 149, 494 A.2d 399 (1985), *rev'd* 516 Pa. 53, 532 A.2d 1 (1987), that when a DUI complaint is not filed within five days, as is required by Rule 130(d), the appropriate remedy is dismissal of charges. The Commonwealth did not appeal the dismissal of charges.

Following this dismissal, Superior Court, on March 6, 1987, overruled its *Revtai* decision in *Commonwealth v. Schimelfenig,* 361 Pa.Super 325, 522 A.2d 605 (1987), and held that a late complaint under Rule 130(d) would be dismissed only on a showing that the defendant was prejudiced by the delay. On March 18, 1987, the Commonwealth refiled the DUI charge against La Belle. This second filing was within the statute of limitations for DUI offenses. On October 15, 1987, this court reversed Superior Court's *Revtai* case and confirmed Superior Court's holding in *Schimelfenig* that a failure to file a timely complaint under Pa.R.Crim.P. 130(d) does not require a dismissal unless defendant can show that he was prejudiced by the delay.

The question raised by this case is whether the second filing of the DUI complaint was barred by the earlier dismissal, which was not appealed. The Commonwealth argues that "the general rule is that an order dismissing a case for failure to establish a prima facie case is not final because the prosecution can bring the case before any other officer empowered to hold a preliminary hearing. *Commonwealth v. Hetherington,* 460 Pa. 17, 331 A.2d 205 (1975)."

As to the Commonwealth's argument that failure to make a prima facie case may result in rearrest, this court has stated:

> This Court has acknowledged that re-arrest is the appropriate procedure and the Commonwealth's only recourse where charges are dismissed and the defendant discharged upon a finding of a lack of a prima facie case since such a determination is interlocutory in nature and, therefore, not appealable.

*Commonwealth v. Mirarchi*, 481 Pa. 385, 390, 392 A.2d 1346, 1348 (1978). The Commonwealth is correct, therefore, that in cases which are dismissed because of failure to make a prima facie case, rearrest is permissible. The question remains, however, whether this case, involving dismissal because of untimely filing, is analytically similar to cases in which the prima facie case is defective.

We believe it is not. Making a prima facie case has to do with the presentation of evidence which, if true, would sustain the charge. Traditionally, the failure to make a prima facie case has been treated as an interlocutory matter, for at the time it is determined that the prosecution's evidence is deficient, jeopardy has not attached and the state is not out of court because of the adverse determination. It may add to its case and resubmit the case for prosecution.

In the case at bar, however, the dismissal was based not on insufficient evidence to establish a prima facie case, but on the application of a rule of law handed down by Superior Court to the facts of this case. The Commonwealth had failed to file the criminal complaint within five days, and this conduct, as interpreted by Superior Court's treatment of Pa.R.Crim.P. 130(d), required dismissal.

The Commonwealth was not able to add to its evidence and resubmit the case to another magistrate to cure the defect. The defect was incurable unless the magistrate's application of Superior Court's rule was in error or unless Superior Court's rule was itself in error. In either case, the remedy was to appeal the magistrate's dismissal, for it is axiomatic that when a judicial officer commits an error in application of the law, the remedy is on appeal. And if the claim was that the rule of law

handed down by Superior Court was in error, it is again axiomatic that a lower court, in this case a magisterial court, is without authority to overrule an appellate court. Thus, appeal was the only route available to contest the dismissal. Having failed to appeal, the dismissal is res judicata.[1]

Judgment of Superior Court is reversed. The order of December 15, 1987 of the Court of Common Pleas of Lackawanna County quashing the information and dismissing the charges is reinstated.

McDERMOTT, J., notes his dissent.

1. The Commonwealth also asserts that rearresting and charging La Belle was permissible under our ruling in *Commonwealth v. Mirarchi*, 481 Pa. 385, 390–91, 392 A.2d 1346, 1348 (1978), where this court stated:

> where ... dismissal of the charges and discharge of the defendant resulted from a determination that the complaint contained a 'substantive defect', rearrest was an appropriate, if not the only, procedure available to the Commonwealth.

The Commonwealth argues that the violation of the five day rule was a "substantive defect" in the complaint, and the rearrest of defendant by the Commonwealth was, therefore, appropriate.

We disagree. Rule 150, as stated in 1977, provided:

> If a complaint, citation, summons or warrant contains a substantive defect, the defendant shall be discharged unless he waives the defect. Nothing in this rule shall prevent the filing of a new complaint or citation and the issuance of process in which the defect is corrected in a proper manner.

The defect in *Mirarchi*, failure to charge a crime, was remediable merely by filing a new complaint and bringing the new charge. Here, filing a new complaint would be of no avail, for defects in the complaint are not what is at issue. What is at issue is the legal effect of failure to take an appeal from the dismissal of the complaint which was based on late filing, and that is not treated in the rule. Pa.R.Crim.P. 150(b), therefore, may not be used to resolve the issue in this case, and the Commonwealth's claim is without merit.