676 A.2d 251

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Douglas F. JONES, a/k/a Donald Williams.**

Superior Court of Pennsylvania.

Argued Feb. 6, 1996.

Filed May 1, 1996.

Kemal A. Mericli, Assistant District Attorney, Pittsburgh, for appellant.

John Elash, Pittsburgh, for appellee.

Before JOHNSON, FORD ELLIOTT and HESTER, JJ.

JOHNSON, Judge:

In this appeal, we are asked to determine whether the Commonwealth may refile a criminal complaint dismissed because of the absence of the Commonwealth's witnesses on the date set for trial. The court below concluded that such a dismissal must be appealed. Because we find that the Commonwealth may refile the complaint in such a case, we reverse and remand this matter for trial.

In April 1994, Douglas F. Jones was charged with one count each of making terroristic threats and simple assault. Jones was also charged with one summary count of harassment. Judge Paul F. Lutty dismissed the information upon the failure of the Commonwealth to produce witnesses. The

Commonwealth did not appeal this dismissal, but instead reinstituted the original charges in a new criminal complaint. Jones filed a motion to quash the new complaint on the grounds that the refiling of charges was improper. Judge Lester G. Nauhaus granted Jones's motion and quashed the complaint. This appeal followed.

The Commonwealth contends on appeal that the court below erred as a matter of law in that it required an appellate remedy for the failure-to-prosecute dismissal. We agree. The court below concluded that the decision of the Pennsylvania Supreme Court in *Commonwealth v. LaBelle*, 531 Pa. 256, 612 A.2d 418 (1992), requires that "[t]he only proper method to remedy a dismissal for lack of prosecution is to utilize the Appellate courts." Trial Court Opinion, dated July 24, 1995, at 2. This conclusion misreads *LaBelle.*

The court in *LaBelle* drew a distinction between dismissals of criminal complaints based on remediable, or curable, defects and dismissals for unremediable, or incurable, defects. *LaBelle, supra,* at 259–60, 612 A.2d at 420. The court noted that remediable defects in a criminal prosecution such as failure to make a prima facie case, *see, e.g., Commonwealth v. Hetherington,* 460 Pa. 17, 331 A.2d 205 (1975), and the failure to charge a crime, *see, e.g., Commonwealth v. Mirarchi,* 481 Pa. 385, 392 A.2d 1346 (1978), do not bar refiling upon dismissal. 531 Pa. at 258, 260 n. 1, 612 A.2d at 419, 420 n. 1. In contrast, the defect in *LaBelle,* failure to file the complaint within the time mandated by Pa.R.Crim.P. 130(d) as interpreted by the Pennsylvania Superior Court, was incurable except by appeal challenging interpretation of the rule—any mere refiling would still have been untimely. The court concluded that dismissals for such incurable defects become res judicata if no timely appeal is taken. *Id.* The court noted that "analytic[al] similarity" delineates the classes of remediable-defect cases and incurable-defect cases. *Id.*

The defect in the instant case, failure of prosecution witnesses to appear, is analytically similar to the defects in *Hetherington* and *Mirarchi* in that remedial action by the

Commonwealth (namely, production of the witnesses) is possible. The court below apparently reasoned, and Jones appears to argue, that such action would not be truly curative because it would not be production *at the required time.* Jones thus suggests that *LaBelle* entails that all dismissals for procedural defects are res judicata if not appealed. Brief of Appellee at 9. This reading of *LaBelle* is inconsistent with the *LaBelle* court's approval of *Mirarchi* and makes nonsense of the curable-incurable defect distinction; it must therefore be rejected.

The analytical similarity of a dismissal for failure to produce prosecution witnesses to dismissals traditionally deemed interlocutory was confirmed by this Court in *Commonwealth v. Allem,* 367 Pa.Super. 173, 532 A.2d 845 (1987). In approving the refiling of a criminal complaint dismissed for failure to produce prosecution witnesses, the Court noted the following:

> Ordinarily, the decision of an issuing authority to dismiss a complaint is deemed interlocutory, and the Commonwealth's sole avenue of redress is to bring the matter before another issuing authority before the statute of limitations period expires. *Commonwealth v. Genovese,* 493 Pa. 65, 69 n. 7, 425 A.2d 367, 369 n. 7 (1981); *Commonwealth v. Hetherington,* 460 Pa. 17, 21–22, 331 A.2d 205, 208 (1975); *Riggins Case,* 435 Pa. 321, 323, 254 A.2d 616, 617 (1969); *McNair's Petition,* 324 Pa. 48, 54, 187 A. 498, 501 (1936). The doctrines of collateral estoppel, *res judicata,* law of the case, and *stare decisis* have no operation in such proceedings; rather, the matter is heard *de novo.*

*Id.* at 179–80, 532 A.2d at 848. To the extent that Jones's argument depends on the fact that the defect in the instant prosecution occurred at the trial level as opposed to an earlier stage of the proceeding (such as that involved in *Allem* ), *see* Brief of Appellee at 14, the argument is not persuasive under *LaBelle.* In the instant case, as in the cases of other remediable defects, jeopardy had not attached at the time of the dismissal, *see infra,* the defect "[had] to do with the presentation of evidence which, if true, would sustain the charge," *LaBelle, supra,* at 259, 612 A.2d at 420, and little or no

damage was done to the interests of the defendant below. In contrast, the incurable defect found in *LaBelle* involved violation of a rule of limitation; such violations intrinsically involve legislatively recognized, significant, and permanent damage to the interests of defendants. Instructively, all of the other cases cited by Jones in support of the trial court's reading of *LaBelle* involve similar prosecutorial failures to take timely action. *See Commonwealth v. Sweeney,* 376 Pa.Super. 476, 546 A.2d 624 (1988)(involving dismissal of charges for violation of Pa.R.Crim.P. 1100 (requiring trial within 180 days of filing of complaint)), *appeal denied,* 521 Pa. 620, 557 A.2d 723 (1989); *Commonwealth v. Butler,* 389 Pa.Super. 209, 566 A.2d 1209 (1989)(same); *Commonwealth v. Andrews,* 251 Pa.Super. 162, 380 A.2d 428 (1977) (same). As in *LaBelle,* no action by the Commonwealth could even conceivably have remedied the relevant defects in these cases.

Affirmance of the decision below would improperly elevate a defendant's relatively limited interest in avoiding the inconvenience of an unnecessary court appearance above the Commonwealth's interest in avoiding a costly, lengthy, limited and uncertain appellate remedy for a dismissal resulting from a relatively minor procedural deficiency. In cases involving procedural failings similar to that of the instant case, the decision below would make the trial court's discretion, subject to review only for abuse, the sole protector of the Commonwealth's vital interest in prosecuting those suspected of crimes. These are not desirable results. Under *LaBelle,* the defect in the instant case is remediable without resort to appeal and thus the Commonwealth is not barred from refiling by the doctrine of res judicata.

 Despite the fact that the court below held principles of double jeopardy inapplicable in this case, Jones argues in the alternative that the decision below should be affirmed under those principles. This argument is without merit. Jeopardy did not attach in this case. Under Pennsylvania law, jeopardy attaches when the jury is sworn or, in a bench trial, when the trial court begins to hear evidence. *Commonwealth v. Metzer,* 430 Pa.Super. 217, 231 n. 4, 634 A.2d 228, 234 n. 4

(1993); *Commonwealth v. Jung,* 366 Pa.Super. 438, 531 A.2d 498 (1987)(hearing of evidence started with offer of proof by prosecution and argument thereon). The court did not begin to hear evidence in the instant case, but instead granted a motion to dismiss upon the lack of prosecution witnesses. Accordingly, neither the double jeopardy clauses of the United States and Pennsylvania constitutions nor 18 Pa.C.S. § 109, the statutory codification of double jeopardy principles, provides a basis for affirmance of the decision below.

Based upon the foregoing, we reverse the order quashing the complaint, and we remand the matter for trial.

Order **REVERSED.** Case **REMANDED.** Jurisdiction **RELINQUISHED.**