**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Joseph WOLGEMUTH, Appellant.**

Superior Court of Pennsylvania.

Argued June 16, 1999.

Filed July 20, 1999.

David C. Schanbacher, York, for appellant.

Brian Chudzik, Asst. Dist. Atty., Lancaster, for Com., appellee.

Before DEL SOLE and STEVENS, JJ., and CIRILLO, President Judge Emeritus.

CIRILLO, President Judge Emeritus:

¶ 1   This is an appeal from an order of the Court of Common Pleas of Lancaster County granting the Commonwealth's petition for a hearing following dismissal of a second complaint filed against appellant, Joseph Wolgemuth.   We reverse.

¶ 2   While on routine patrol, Officer Luis Mendez, Jr. observed Wolgemuth driving erratically.   Officer Mendez radioed Officer Wayne R. Bledsoe, who was patrolling the street on which Wolgemuth was turning.   Officer Bledsoe initiated a stop, and ultimately Wolgemuth turned into his driveway.   Officer Mendez arrived. When Wolgemuth exited his vehicle, Officer Bledsoe noticed that Wolgemuth's eyes were bloodshot and that he emitted a strong odor of alcohol.   Wolgemuth was unable to produce his driver's license, and he had difficulty standing.   He had also defecated in his pants.   Officer Mendez arrested Wolgemuth.   A blood test was administered, which indicated a blood alcohol content of .251%.

¶ 3   Wolgemuth was charged with driving under the influence of alcohol or a controlled substance in violation of 75 Pa. C.S. § 3731(a)(1) and (a)(4), and careless driving in violation of 75 Pa.C.S. § 3714. He was released to the custody of his son on May 3, 1998.   The results from the blood tests were received on May 18, 1998, and a criminal complaint and affidavit of probable cause were filed on June 8, 1998. A preliminary hearing was held on August 10, 1998 before District Justice William G. Reuter.   At that time, the complaint was

dismissed for violation of Pa.R.Crim.P. 102(c).[1] Thereafter, a second complaint was filed on August 31, 1998. Prior to the preliminary hearing on that complaint, defense counsel moved to dismiss, citing to *Commonwealth v. La Belle*, 531 Pa. 256, 612 A.2d 418 (1992). The district justice dismissed the complaint and the Commonwealth filed a motion in the court of common pleas requesting a hearing before the district justice to determine prejudice. On November 5, 1998, the court granted the Commonwealth's request for a hearing, and Wolgemuth filed a petition for permission to appeal pursuant to Pa.R.A.P. 1311. This court granted Wolgemuth's petition for a permissive appeal. Wolgemuth raises the following claims for our review:

(1) Whether the Commonwealth's failure to file a timely appeal from the dismissal of the first criminal complaint because of a non-remediable and incurable violation of Pa.R.Crim.P. 102(c) and 150 was *res judicata* precluding the Commonwealth's filing of the second criminal complaint and barring the Commonwealth from further prosecution of the appellant on the DUI charges and accompanying summary offense charge of careless driving.

(2) Whether the trial court's order of November 5, 1998 is an error of law, an abuse of discretion and an improper exercise of the trial court's jurisdiction because there were no criminal charges pending against the appellant as a result of the dismissal[ ] by the issuing authority of the Commonwealth's second criminal complaint against the appellant for failure of the Commonwealth to file a timely appeal from the dismissal of the first criminal complaint because of non-remediable and incurable violations of Pa.R.Crim.P. 102(c) and 150.

1. Pennsylvania Rule of Criminal Procedure 102(c), [formerly numbered 130(d)] states:
When a defendant is released pursuant to paragraph (b), a complaint **shall** be filed against the defendant within 5 days of the

¶ 4   In *Commonwealth v. La Belle*, our supreme court drew a distinction between dismissals of criminal complaints based on remediable, or curable, defects and dismissals for incurable defects. *La Belle*, *supra*, 531 Pa. at 259–60, 612 A.2d at 420. The court noted that curable defects in a criminal prosecution such as failure to make a *prima facie* case, *see, e.g., Commonwealth v. Hetherington*, 460 Pa. 17, 331 A.2d 205 (1975), and the failure to charge a crime, *see, e.g., Commonwealth v. Mirarchi*, 481 Pa. 385, 392 A.2d 1346 (1978), do not bar refiling upon dismissal. *La Belle*, 531 Pa. at 258, 260 n. 1, 612 A.2d at 419, 420 n. 1. In contrast, the defect in *La Belle*, failure to file the complaint within the time mandated by Pa.R.Crim.P. 130(d) [renumbered in 1994 to Rule 102(c) ] as interpreted by the Pennsylvania Superior Court, was incurable except by appeal challenging interpretation of the rule—any mere refiling would still have been untimely. The court concluded that dismissals for such incurable defects become *res judicata* if no timely appeal is taken. *Id.* The court noted that "analytical similarity" delineates the classes of remediable-defect cases and incurable-defect cases. *Id.* *See Commonwealth v. Jones*, 450 Pa.Super. 433, 676 A.2d 251 (1996).

¶ 5   The defect in the instant case, failure to timely file a complaint under Pa. R.Crim.P 102(c), is analytically similar to the incurable defect found in *La Belle*—a violation of a rule of limitation.

Such violations intrinsically involve legislatively recognized, significant, and permanent damage to the interests of defendants. Instructively, all of the other cases cited by [appellee] in support of the trial court's reading of *La Belle* involve similar prosecutorial failures to take timely action. *See Commonwealth v. Sweeney*, 376 Pa.Super. 476, 546 A.2d

defendant's release. Thereafter, a summons, not a warrant of arrest, shall be issued and the case shall proceed as provided in Rule 110. (emphasis added).
Pa.R.Crim.P. 102(c), 42 Pa.C.S.

624 (1988) (involving dismissal of charges for violation of Pa.R.Crim.P. 1100 (requiring trial within 180 days of filing of complaint)), appeal denied, 521 Pa. 620, 557 A.2d 723 (1989); *Commonwealth v. Butler*, 389 Pa.Super. 209, 566 A.2d 1209 (1989) (same); *Commonwealth v. Andrews*, 251 Pa.Super. 162, 380 A.2d 428 (1977) (same). *Commonwealth v. Jones*, 450 Pa.Super. 433, 676 A.2d 251, 252 (1996). *See also Commonwealth v. Schimelfenig*, 361 Pa.Super. 325, 522 A.2d 605 (1987) (expressly overruling *Commonwealth v. Revtai*, 343 Pa.Super. 149, 494 A.2d 399 (1985), which had held the five-day limitation rule was inflexible, and holding that failure to comply with the five-day limit is not intended to be grounds for dismissal unless the defendant is prejudiced by the delay.).

■■■ ¶ 6 The Commonwealth is correct that dismissal is improper unless the defendant is prejudiced by the delay. *See La Belle, supra; Schimelfenig, supra. See also* Pa.R.Crim.P. 150 ("A defendant shall not be discharged nor shall a case be dismissed because of a ... defect in the procedures of this chapter, unless the defendant raises the defect before the conclusion of the preliminary hearing and the defect is prejudicial to the rights of the defendant."). Here, there was no finding of prejudice. The district justice's August 10, 1998 dismissal of the complaint, therefore, was inappropriate. Dismissal was due to application of a rule of law. "Hence, the only permissible procedure to correct an alleged error in the application of a rule of law or to challenge the rule of law itself as erroneous is the filing of a direct appeal." *Commonwealth v. Sebek*, 716 A.2d 1266, 1268 (Pa.Super.1998).

■■ ¶ 7 The Commonwealth, however, did not appeal the dismissal order. Instead, the Commonwealth refiled the complaint, which again was dismissed. At this point, the Commonwealth sought relief in the court of common pleas; however, it was after the first dismissal that relief should have been sought. The Common-

wealth's failure to file an appeal from the initial dismissal order precluded its refiling charges. *La Belle*, 612 A.2d at 420. *See Commonwealth v. Douglass*, 372 Pa.Super. 227, 539 A.2d 412 (1988) (an order granting discharge on grounds which would ostensibly preclude the refiling of new charges is not subject to *de novo* review by another issuing authority, but is instead subject to direct appeal as a final order).

¶ 8 Order reversed.

¶ 9 STEVENS, J., concurs in the result.