J-A08017-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHAD HACKER | : | No. 1781 EDA 2020 |

Appeal from the Order Entered August 20, 2020
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0007729-2019

BEFORE: PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: Filed: April 1, 2021

The Commonwealth appeals from the order granting the petition for writ

of *habeas corpus* filed by Chad Hacker (Appellee). Upon review, we quash.

The trial court summarized the procedural history as follows:

On October 7, 2019, a criminal complaint was filed against Appellee. . . . An arrest warrant was issued, and Appellee was arrested on October 9, 2019.

On December 2, 2019, a preliminary hearing was held. The magistrate decided that the Commonwealth established a *prima facie* case against Appellee and bound over the charges for trial. However, there are no transcripts from the preliminary hearing.

On July 23, 2020, Appellee filed a Petition for *Habeas Corpus* Relief and/or Motion to Quash the Transcript. Therein, defense counsel represented that neither defense counsel representing Appellee at that time nor the Commonwealth secured the services of a court reporter, and that his *habeas* petition relied on the recollections

---

[*] Former Justice specially assigned to the Superior Court.

of prior defense counsel and that of Appellee. Additionally, the *habeas* petition set forth that at the preliminary hearing, the Commonwealth relied on ***Commonwealth v. Ricker***, 120 A.3d 349 (Pa. Super. 2015), and presented only the testimony of the affiant and/or law enforcement officer, who summarized the statement of the alleged victim. The petition alleged that the Commonwealth relied exclusively on hearsay evidence, in violation of ***Commonwealth v. McClelland***, 233 A.3d 717 (Pa. 2020); therefore, relief should be granted.

* * *

On August 20, 2020, a *Habeas Corpus* Hearing was held. . . . [the trial c]ourt discharged Appellee **without prejudice** pursuant to the remedy of ***McClelland***. . . .

The Commonwealth filed a Motion for Reconsideration, which was denied on September 3, 2020. A timely Notice of Appeal was filed on September 18, 2020.[1]

Trial Court Opinion, 11/16/20, at 1-3 (emphasis added).

The trial court asserts its order is interlocutory and not appealable. ***Id.*** at 1. As noted, the court granted Appellee's petition for writ of *habeas corpus* and dismissed the case without prejudice for failure to make a *prima facie* case. We recently explained:

Appellate review of any court order is a jurisdictional question defined by rule or statute. This principle applies to appellate review of a pretrial order. A court may consider the issue of jurisdiction *sua sponte*. In evaluating our jurisdiction to allow [a party's] appeal, we look to other criminal cases involving appeals of pretrial orders . . . In this Commonwealth, an appeal may only be taken from: 1) a final order or one certified by the trial court as final; 2) an interlocutory order as of right; 3) an interlocutory order by permission; or 4) a collateral order.

---

[1] The Commonwealth and trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

*Commonwealth v. Parker*, 173 A.3d 294, 296 (Pa. Super. 2017) (quotation marks and citations omitted). A final order is any order that: "(1) disposes of all claims and of all parties; [ ] (2) is explicitly defined as a final order by statute; or (3) is entered as a final order pursuant to [Pennsylvania Rule of Appellate Procedure 341(c)]." Pa.R.A.P. 341(b).

The Commonwealth argues the "order granting [Appellee]'s writ of *habeas corpus* is an appealable order. More specifically, the order is a final order. Even if it were not, it is an interlocutory order appealable as of right." Commonwealth Brief at 11.[2]

Our Supreme Court recently reiterated that an "order denying or granting a writ of *habeas corpus* is interlocutory." *McClelland*, 233 A.3d at 732 n. 8 (citing *Commonwealth v. La Belle*, 612 A.2d 418 (Pa. 1992)). In *La Belle*, the Supreme Court stated, "the general rule is that an order dismissing a case for failure to establish a *prima facie* case is not final because the prosecution can bring the case before any other officer empowered to hold a preliminary hearing." *La Belle*, 612 A.2d at 419 (quoting *Commonwealth v. Hetheringon*, 331 A.3d 205, 208 (Pa. 1975)).[3]

---

[2] Appellee advised this Court he would not be filing a brief, and expressed his agreement with the trial court's position that this appeal is interlocutory. Letter, 12/29/20.

[3] The cases relied on by the Commonwealth either pre-date *La Belle*, or rely on cases that pre-date *La Belle*. Commonwealth Brief at 11-13.

In *La Belle*, the Court distinguished between cases the trial court dismissed because of curable defects, such as failure to make a *prima facie* case, and incurable defects, such as failure to timely file the complaint. *Id.* at 419-20. The latter are immediately appealable; the former are not. *Id.*

This Court has continued to analyze pretrial appeals under *La Belle*, and has repeatedly held that dismissals without prejudice for failure to make a *prima facie* case are not appealable. *See Commonwealth v. Wolgemuth*, 737 A.2d 757, 759-60 (Pa. Super. 1999) (failure to make *prima facie* case is a curable defect which does not bar refiling); *Commonwealth v. Sebek*, 716 A.2d 1266, 1269-70 (Pa. Super. 1998) (correct remedy for dismissal of charges without prejudice was not appeal to Superior Court but refiling of charges); *Commonwealth v. Jones*, 676 A.2d 251, 252-53 (Pa. Super. 1996) (trial court erred in finding only permissible remedy for Commonwealth after dismissal of charges for failure to make *prima facie* case was appeal to Superior Court; correct remedy was refiling of charges). *See also Commonwealth v. Dolan*, 240 A.3d 1291, 1293 n. 2 (Pa. Super. 2020) ("dismissal of charges and discharge of the accused for failure to establish a *prima facie* case at the preliminary hearing is an interlocutory order."). Thus, pursuant to *McClelland* and *La Belle*, and because the defect in this case was curable, the Commonwealth's remedy was to refile the charges rather than file this interlocutory appeal. *McClelland*, 233 A.3d at 732 n. 8; *La Belle*, 612 A.2d at 419-20.

- 4 -

In the alternative, the Commonwealth argues the trial court's order is appealable of right pursuant to Pa.R.A.P. 311(d).[4] Commonwealth Brief at 15. We disagree. Our Supreme Court has limited the application of Rule 311(d) to circumstances where "a pretrial ruling results in the suppression, preclusion or exclusion of Commonwealth evidence." **Commonwealth v. Shearer**, 882 A.2d 462, 467 (Pa. 2005) (citation omitted). Rule 311(d) does not confer jurisdiction on this Court to consider an interlocutory appeal from an order granting *habeas corpus* relief and dismissing a complaint without prejudice for failure to make a *prima facie* case. **Id.** (citations omitted).

As the Commonwealth has not appealed from a final order, or appealed as of right pursuant to Rule 311(d), we agree with the trial court and Appellee that the appeal is interlocutory and not appealable. Accordingly, we quash.

Appeal quashed. Case stricken from argument list.

---

[4] The Rule states:

(d) **Commonwealth appeals in criminal cases.**--In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.

Pa.R.A.P. 311(d).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/1/21