J-S08027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GREGORY M. ROGERS, JR., | : | No. 1302 MDA 2020 |

Appeal from the Order Entered September 21, 2020,
in the Court of Common Pleas of Centre County,
Criminal Division at No(s): CP-14-CR-0000734-2020.

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY KUNSELMAN, J.:                    **FILED JUNE 01, 2021**

The Commonwealth appeals from the order granting the petition for writ of *habeas corpus* filed by Gregory M. Rogers, Jr.  Upon review, we quash.

The relevant procedural history is as follows.  On July 15, 2020, as the result of a domestic incident, Rogers was charged with one count of simple assault and one count of harassment.[1]  Following a preliminary hearing, all charges were held over for trial.  Notably, the complainant did not appear and the Commonwealth presented only the evidence of the responding police officer who had no first hand knowledge of the incident. Rogers thereafter petitioned for a writ of *habeas corpus* on the basis that the Commonwealth failed to establish a *prima facie* case by relying solely on hearsay evidence.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2701, 2709.

The trial court agreed and, on September 21, 2020, it granted a writ of *habeas corpus* dismissing the case without prejudice. The Commonwealth filed timely a notice of appeal.[2]

Initially, we must determine whether we have jurisdiction over this appeal. Our Supreme Court recently held that an order dismissing a case for failure to establish a *prima facie* case is not final because the prosecution can add to its case and refile the charges before any other officer empowered to hold a preliminary hearing. **See Commonwealth v. McClelland**, 233 A.3d 717, 732 (Pa. 2020).[3]

Because the order which the Commonwealth seeks to appeal is interlocutory, we lack jurisdiction to address it. When, as here, the trial court dismisses criminal charges without prejudice based on the failure to establish a *prima facie* case, the appropriate course for the Commonwealth is to refile the charges with additional evidence before the statute of limitations expires. **See Commonwealth v. Jones**, 676 A.2d 251, 252 (Pa. Super. 1996) (trial court erred in finding only permissible remedy for Commonwealth after dismissal of charges for failure to make *prima facie* case was appeal to Superior Court; correct remedy was refiling of charges). **See also Commonwealth v. Dolan**, 240 A.3d 1291, 1293 n.2 (Pa. Super. 2020)

---

[2] The trial court and the Commonwealth complied with Appellate Rule 1925.

[3] The Court distinguished dismissals based on uncurable defects, such as an untimely filing, which are immediately appealable. **See Commonwealth v. La Belle**, 612 A.2d 418, 419-20 (Pa. 1992).

("dismissal of charges and discharge of the accused for failure to establish a *prima facie* case at the preliminary hearing is an interlocutory order."). Accordingly, we quash the appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/01/2021