J-S19029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAROY DARRIELL HOUGH | : | |
| | : | |
| Appellant | : | No. 101 WDA 2021 |

Appeal from the PCRA Order Entered April 27, 2021
In the Court of Common Pleas of Warren County Criminal Division
at No(s): CP-62-CR-0000140-2017, CP-62-CR-0000304-2017

BEFORE: DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:          **FILED: August 4, 2021**

Laroy Darriell Hough (Appellant) appeals from the order dismissing the petition he filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On direct appeal, this Court summarized the facts underlying Appellant's convictions as follows:

> On August 13, 2016, Appellant and two others were burglarizing a residence when the homeowner returned. Appellant fled to a neighboring property, where he stole a truck. The truck's owner observed the theft of his truck and gave chase in a second truck, which he also owned, down a dead-end roadway. The truck owner stopped the second truck behind the first, blocking the roadway. Appellant crashed the truck he was driving into a ditch. Both Appellant and truck owner exited the respective vehicles. They scuffled, and the truck owner was knocked to the ground. Appellant entered the second truck and started to drive it in reverse. The truck owner stood up and attempted to stop

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant by grabbing the steering wheel and reaching inside the second truck to try to turn off the ignition. Appellant did not stop the vehicle, striking and running over the truck owner with the truck. The truck owner was severely injured as a result. Appellant fled the area and entered a different, nearby residence, where he stole several items.

*Commonwealth v. Hough*, 39 WDA 2018, *1-2 (Pa. Super. Sept. 14, 2018) (unpublished memorandum).

The Commonwealth charged Appellant with a variety of crimes, and on August 24, 2017, Appellant entered a negotiated guilty plea at CP-62-CR-0000140-2017 (CR-140-17) to one count each of burglary, aggravated assault, theft by unlawful taking, and criminal mischief, and at CP-62-CR-0000304-2017 (CR-304-17), to one count of theft by unlawful taking. All remaining charges at both dockets were *nolle prossed*. On October 27, 2017, the trial court sentenced Appellant to an aggregate 10 years and 3 months to 31 years and 6 months of incarceration. Amended Sentencing Order, 10/27/17, at 4.

On November 6, 2017, Appellant filed a post-sentence motion seeking reconsideration of his sentence. Following argument, the trial court denied Appellant's motion. Order, 12/1/17. Appellant appealed and this Court affirmed. *Hough, supra.* The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Hough*, 396 WAL 2019 (Pa. April 2, 2019).

On September 12, 2019, Appellant *pro se* filed the underlying PCRA petition. The court appointed counsel, who was permitted to withdraw without filing an amended petition. The court appointed new counsel, who

- 2 -

submitted a letter stating that the issues in Appellant's petition were meritless and there were no other issues of arguable merit that could be raised. On July 17, 2020, the PCRA court permitted counsel to withdraw and issued notice of intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* response on August 5, 2020. The court then appointed counsel — the third attorney to represent Appellant before the PCRA court — and conducted an evidentiary hearing on December 11, 2020. On December 18, 2020, the PCRA court issued a "Memorandum Opinion" finding that Appellant's issues lacked merit. Appellant appealed.[1] The PCRA court entered a "Supplemental Order to Memorandum Opinion Dismissing PCRA Petition" formally dismissing the petition on April 27, 2021. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

On March 31, 2021, this Court issued a rule to show cause as to why the appeal should not be quashed pursuant to ***Commonwealth v. Walker***, 185 A.3d 969, 979 (Pa. 2018) ("[W]hen a single order resolves issues arising on more than one lower court docket, separate notices of appeal

---

[1] Because the Memorandum Opinion was not a final order, Appellant's appeal was premature. ***See Commonwealth v. McGarry***, 172 A.3d 60, 64 n.1 (Pa. Super. 2017) (citing Pa.R.A.P. 301; ***Commonwealth v. Swartzfager***, 59 A.3d 616, 618 n.3 (Pa. Super. 2012)). However, as noted ***infra***, the PCRA court subsequently entered a final order dismissing Appellant's PCRA petition. "Accordingly, this appeal was perfected by the entry of a final order and its merits are properly before this Court." ***McGarry***, 172 A.3d at 64 n.1 (citing ***Commonwealth v. Cooper***, 27 A.3d 994, 1004 (Pa. 2011); Pa.R.A.P. 905(a)(5)). We have corrected the caption accordingly.

must be filed."). Appellant responded that his appeal related to only one docket, specifying "the ineffective assistance of counsel in the trial court docket [CR-140-17] and not with respect to trial court docket [CR-304-17]." Resistance to Rule to Show Cause, 4/14/21. Appellant explained his notice of appeal "included the second docket as that is how it was disposed of at the time of the PCRA hearing." *Id.* Contemporaneously with his response, Appellant filed an amended notice of appeal with only the one docket number. On May 6, 2021, this Court discharged the rule to show cause and deferred the *Walker* issue to this panel.

The Official Note to Pennsylvania Rule of Appellate Procedure 341 provides:

> Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. *Commonwealth v. C.M.K.*, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

In *Walker*, our Supreme Court construed the above language as constituting "a bright-line mandatory instruction to practitioners to file separate notices of appeal." *Walker*, 185 A.3d at 976-77. The Court held "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." *Id.* at 977. The

- 4 -

Court made its holding prospective, recognizing the amendment to the Official Note to Rule 341 "was contrary to decades of case law from this Court and the intermediate appellate courts that . . . seldom quashed appeals as a result." *Id.*

Here, Appellant filed a single notice of appeal referencing two docket numbers on January 13, 2021, after *Walker* had taken effect. Our review confirms Appellant's representation that his appeal relates to only one docket; further, the irregular procedural history discussed above led to a breakdown in the PCRA court. After issuing Rule 907 notice of intent to dismiss the petition and receiving Appellant's response, the PCRA court convened a hearing and issued on December 18, 2020 the "Memorandum Opinion" from which Appellant appealed. Because the "Memorandum Opinion" was not a final order, the court entered the one-line "Supplemental Order to Memorandum Opinion Dismissing PCRA Petition" four months later, on April 27, 2021. The court never advised Appellant of his appellate rights, including the requirement to file separate notices of appeal at each docket. We therefore decline to quash this appeal. *See Commonwealth v. Larkin*, 235 A.3d 350, 354 (Pa. Super. 2020) ("[This Court] we may overlook the requirements of *Walker* where, as here, a breakdown occurs in the court system[.]").

Turning to Appellant's issues, he presents four questions for review:

A. Whether the [PCRA] court erred in not finding trial counsel to be ineffective for his failure to file an appeal with respect to the trial court's denial of the Appellant's Writ of Habeas Corpus?

B. Whether the [PCRA] court erred in not finding trial counsel ineffective for his failure to request a hearing with respect to the amount of restitution that was ordered by the sentencing court?

C. Whether the [PCRA] court erred in not finding trial counsel ineffective for not raising the issue of "compulsory joinder" with respect to the Appellant's charges?

D. Whether the trial court's sentence was an excessive sentence and incorrectly calculated due to the application of an improper prior record score?

Appellant's Brief at 4.[2]

We recognize:

This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

***Commonwealth v. Benner***, 147 A.3d 915, 919 (Pa. Super. 2016) (quoting

***Commonwealth v. Perry***, 128 A.3d 1285, 1289 (Pa. Super. 2015)).

_____

[2] In their response brief, the Commonwealth essentially concurs with the PCRA court.

- 6 -

In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. **Commonwealth v. Bomar**, 104 A.3d 1179, 1188 (Pa. 2014). To overcome the presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." **Id.** (citation omitted). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. **Id.**

The right to constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea. **Commonwealth v. Wah**, 42 A.3d 335, 338 (Pa. Super. 2012). "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." **Commonwealth v. Moser**, 921 A.2d 526, 531 (Pa. Super. 2007) (quotations and citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Id.** (quotations and citations omitted). "Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (quotations and citations omitted). "The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome." ***Id.*** (quotations and citations omitted).

Generally, "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." ***Commonwealth v. Prieto***, 206 A.3d 529, 533-34 (Pa. Super. 2019). In a post-conviction proceeding, the only cognizable issues a petitioner may raise are the validity of the plea of guilty and the legality of the sentence. ***Commonwealth v. Rounsley***, 717 A.2d 537, 538 (Pa. Super. 1998). Thus, Appellant's available claims are limited because he entered a guilty plea.

In his first issue, Appellant argues trial counsel was ineffective for failing to appeal the denial of his pre-trial writ of *habeas corpus*. Appellant asserts he requested that counsel immediately appeal the denial of his pre-trial writ of *habeas corpus*, but counsel "informed the Appellant that the decision was not appealable." Appellant's Brief at 14. Appellant states, "[b]elieving he did not have the right to appeal that decision, he opted to

accept the plea offered to him by the District Attorney." *Id.* at 15. This issue is unavailing.

The Pennsylvania Supreme Court recently reiterated that an "order denying or granting a writ of *habeas corpus* is interlocutory." ***Commonwealth v. McClelland***, 233 A.3d 717, 732 n.8 (Pa. 2020) (citing ***Commonwealth v. La Belle***, 612 A.2d 418 (Pa. 1992)). Accordingly, trial counsel correctly advised Appellant that the denial of his writ for *habeas corpus* was not appealable. Because counsel's legal advice was reasonable and did not impact Appellant's ability to make a knowing and voluntary decision about his plea, the PCRA court did not err in finding this issue lacked merit.

In his second issue, Appellant contends trial counsel was ineffective for failing to request an "itemization of the charges the Commonwealth was requesting for restitution." Appellant's Brief at 21. Appellant concedes he reviewed two summaries, which included the date, payee, pay status and amount of payment issued by State Farm, and was given a copy of the corresponding checks. Nonetheless, Appellant argues trial counsel deprived him of due process by refusing to request a more specific itemization of the charges. Appellant's Brief at 21-22.

As stated above, Appellant's guilty plea limits the claims he may raise on direct appeal or in post-conviction proceedings. In ***Commonwealth v. Weir***, 201 A.3d 163 (Pa. Super. 2018), this Court reviewed when an appeal

of an order of restitution implicates the legality or discretionary aspects of a

sentence. We explained:

> According to the [Pennsylvania Supreme Court], when a challenge is directed to the trial court's statutory authority to impose restitution, it concerns the legality of the sentence. [***In the Interest of M.W.***, 725 A.2d 729, 731 (Pa. 1999)]. A sentencing court has statutory authority to impose restitution under § 1106(a) when the defendant committed a crime, the victim suffered damage to person or property, and there exists a direct causal nexus between the crime of which defendant was convicted and the loss or damage suffered by the victim. ***See*** 18 Pa.C.S. § 1106(a). **Thus, a challenge to the legality of sentence is presented when the defendant claims that the trial court lacked statutory authority to impose restitution because the Commonwealth failed to establish one or more of the requirements of section 1106(a).** ***See e.g., In re M.W., supra*** at 731 (holding that a claim that the juvenile court lacked statutory authority to impose restitution in light of the Commonwealth's failure to prove that M.W. caused any property damage implicated the legality of sentence); ***Commonwealth v. Holmes***, 155 A.3d 69, 75 (Pa. Super. 2017) (*en banc*) (plurality) (holding that legality of sentence was implicated where defendant claimed that the victim's funeral costs and expenses were not a direct result of his criminal actions); ***Commonwealth v. Barger***, 956 A.2d 458, 464 (Pa. Super. 2008) (holding that legality of sentence was implicated where defendant claimed no causal connection between order restitution for replacement cost of the couch on which victim was allegedly raped when defendant was acquitted of all rape and sexual assault charges); ***Commonwealth v. Langston***, 904 A.2d 917, 921 (Pa. Super. 2006) (holding that legality of sentence was implicated where defendant claimed that the trial court lacked statutory authority to enter a restitution order because the minor was not a "victim" who was statutorily entitled to receive mandatory restitution under the Crimes Code and Sentencing Code); ***Commonwealth v. Popow***, 844 A.2d 13, 19 (Pa. Super. 2004) (holding restitution for medical bills was improper under § 1106(a) due to lack of direct causation where appellant was acquitted of cutting victim and only convicted of threatening him).

> Conversely, where the Commonwealth has established each element of § 1106(a), *i.e.*, the victim suffered loss to person or property directly caused by the specific crime committed by the defendant, **a claim that the restitution order is excessive implicates the discretionary aspect of sentencing**. *See In re M.W., supra* at 731 n.4; *see also Holmes, supra* at 78 ("Where . . . statutory authority exists, however, the imposition of restitution is vested within the sound discretion of the sentencing judge."); *Commonwealth v. Penrod*, [ ] 578 A.2d 486, 490 n.1 (Pa. Super. 1990) (ruling defendant's claim that "the amount of restitution ordered was improper" presented a challenge to the discretionary aspects of his sentence).

*Id.* at 172-74 (some citations and footnotes omitted, emphasis added).

Here, Appellant challenges the "amount of restitution" ordered. *See* Appellant's Brief at 23 ("Therefore, the outcome *in the amount of restitution would have been different* than the amount ordered by the Court.") (emphasis in original). The crux of Appellant's argument is that the restitution award exceeded the amount of the victim's actual losses and was therefore excessive. *See* Appellant's Brief at 18-23. As Appellant's claim concerns the **amount** of restitution ordered, rather than the propriety of restitution, his claim implicates the discretionary aspects of his sentence. Because this claim is not germane to the validity of Appellant's plea or the legality of his sentence, Appellant is precluded from raising it, and counsel cannot be deemed ineffective. *See, e.g., Commonwealth v. Montalvo*, 205 A.3d 274, 286 (Pa. 2019) ("[C]ounsel cannot be deemed ineffective for failing to raise a meritless claim."); *see also Moser, supra*.

In his third issue, Appellant contends trial counsel was ineffective for failing to challenge the trial court's refusal to order that his charges be

- 11 -

compulsorily joined. Appellant's Brief at 23 Ex. F. The compulsory joinder statute contains a four-prong test for precluding prosecution due to the former prosecution for a different offense:

(1) the former prosecution must have resulted in an acquittal or conviction;

(2) the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution;

(3) the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and

(4) the current offense occurred within the same judicial district as the former prosecution.

***Commonwealth v. Perfetto***, 207 A.3d 812, 821 (Pa. 2019). This issue, like Appellant's second issue, is not cognizable because it does not involve the validity of Appellant's plea or the legality of his sentence. ***Rounsley, supra***. Accordingly, it has no merit. ***See Moser, supra***.

In his final issue, Appellant argues his sentence is excessive and the trial court incorrectly applied sentence enhancements; this claim implicates the discretionary aspects of Appellant's sentence and is not cognizable. ***See Commonwealth v. Tavarez***, 174 A.3d 7, 9-10 (Pa. Super. 2017); ***see also Commonwealth v. Fowler***, 930 A.2d 586, 593 (Pa. Super. 2007). Again, Appellant has presented a meritless claim.

For the above reasons, the PCRA court did not err in dismissing Appellant's petition for post-conviction relief.

Order affirmed.

Judge Dubow joins the memorandum.

Judge Pellegrini concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/4/2021</u>