J-A14004-18

2018 PA Super 213

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                            : PENNSYLVANIA
                    Appellant              :
                                            :
            v.                              :
                                            :
SEAN J. KARNER                             :
                                            :
                    Appellee               :         No. 3959 EDA 2017

Appeal from the Order Entered November 13, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0006386-2017

BEFORE:   GANTMAN, P.J., SHOGAN, J., and PLATT*, J.

OPINION BY GANTMAN, P.J.:                          Filed July 20, 2018

Appellant, the Commonwealth of Pennsylvania, appeals from the order entered in the Bucks County Court of Common Pleas, which granted the petition for writ of *habeas corpus* filed on behalf of Appellee, Sean J. Karner, and dismissed counts two and three against him for failure to present a *prima facie* case.  We affirm.

The trial court opinion sets forth the relevant facts of this case as follows:

> On June 16, 2017, [Appellee] was involved in a two vehicle accident in which the Ford pickup truck that he was driving impacted the rear end of a Honda sedan driven by Jacqueline Grosso, as the vehicles traveled northbound on Route 202 near New Hope, Bucks County, Pennsylvania. Upon impact, the Honda automobile spun clockwise across a parking lot and hit a nearby building. Jacqueline Grosso was severely injured and Ralph Grosso, Jacqueline's husband who was occupying the passenger's seat, was killed. [Appellee]'s truck also crashed into the building.

_____
*   Retired Senior Judge assigned to the Superior Court.

As a result of that vehicle collision, [Appellee] was subsequently arrested and charged on or about August 18, 2017, with one count each of Homicide by Vehicle While Driving Under the Influence (DUI); Homicide by Vehicle; Aggravated Assault by Vehicle While DUI; Aggravated Assault by Vehicle; Simple Assault; Recklessly Endangering Another Person; DUI: Controlled Substance−Impaired Ability−2nd Offense; DUI: Controlled Substance−Schedule 2 or 3−2nd Offense; DUI: Controlled Substance−Metabolite−2nd Offense; and the summary offenses of Reckless Driving; Following Too Closely; and Driving at Safe Speed.[1]

A preliminary hearing was held on September 18, 2017, and all charges were bound over for trial in the Bucks County Court of Common Pleas.

On October 5, 2017, [Appellee] filed a Petition for Writ of *Habeas Corpus* seeking the dismissal of the non−DUI counts for Homicide by Vehicle And Aggravated Assault by Vehicle, claiming that the Commonwealth failed to establish a *prima facie* case as to those charges. Specifically, [Appellee] argued that the Commonwealth failed to establish the element of recklessness or gross negligence necessary to support those charges.

A hearing on [Appellee]'s Petition was held on October 27, 2017, after which the matter was taken under advisement. On November 9, 2017, [the court] issued the Order, which was docketed on November 13, 2017, granting [Appellee]'s request and dismissing the non-DUI counts for Homicide by Vehicle and Aggravated Assault by Vehicle.

On December 8, 2017, the Commonwealth filed a Notice of Appeal to the Superior Court of Pennsylvania from the November 9, 2017 Order. In compliance with [the court's] Order of December 13, 2017, the Commonwealth filed on

---

[1] 75 Pa.C.S.A. §§ 3735(a), 3732(a), 3735.1(a), 3732.1(a); 18 Pa.C.S.A. §§ 2701(a)(1), 2705; 75 Pa.C.S.A. §§ 3802(d)(2), 3802(d)(1)(ii), 33802(d)(1)(iii), 3736(a), 3310(a), 3361, respectively.

December 22, 2017, its Concise Statement of [Errors] Complained of on Appeal pursuant to Pa.R.A.P. 1925(b).

(Trial Court Opinion, February 6, 2018, at 1-3) (internal footnotes omitted).

The Commonwealth raises the following issue on appeal:

DID THE TRIAL COURT ERR BY GRANTING APPELLEE'S PETITION FOR WRIT OF *HABEAS CORPUS* AND DISMISSING THE COUNTS OF HOMICIDE BY VEHICLE (NON-DUI) AND AGGRAVATED ASSAULT BY VEHICLE (NON-DUI), RULING THAT THE COMMONWEALTH FAILED TO ESTABLISH A *PRIMA FACIE* CASE IN CONNECTION TO SAME, WHERE THE EVIDENCE PRESENTED WAS SUFFICIENT TO SUPPORT EACH COUNT FOR SUBMISSION TO A JURY?

(Commonwealth's Brief at 4).

The Commonwealth argues the evidence was sufficient to establish a *prima facie* case as to the *mens rea* of recklessness or gross negligence for the charges of homicide by vehicle and aggravated assault by vehicle. The Commonwealth asserts the record demonstrated that Appellee was speeding and had also violated several provisions of the motor vehicle code while under the influence of the drug, Xanax, and had heroin metabolites in his blood. The Commonwealth submits Appellee's several violations of the motor vehicle code and the presence of drugs in his system are sufficient to establish the *mens rea* of recklessness or gross negligence. The Commonwealth also contends that the trial court erred in taking the substantially slower speed of the Victims' vehicle into account in its decision. The Commonwealth complains any reference to the speed of the Victims' vehicle constitutes contributory negligence, which is not a suitable consideration in the criminal context and

constituted error. The Commonwealth additionally contends the trial court acted on an incomplete record because the court relied on evidence only from the *habeas corpus* hearing. The Commonwealth reasons the evidence at the preliminary hearing supported a *prima facie* case because the magistrate judge bound over the charges for the trial court.

In response, Appellee argues motor vehicle code violations, even if true, do not alone establish recklessness or gross negligence. Specifically, Appellee maintains that the presence of drugs in his system is irrelevant to the non-DUI charges at issue, because the statutes for homicide by vehicle and aggravated assault by vehicle expressly exempt driving under the influence from the inquiry.[2] Appellee also submits that the Victims' slow rate

---

[2] The motor vehicle code in part provides:

### § 3732.  Homicide by vehicle

**(a) Offense.—**Any person who recklessly or with gross negligence causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic **except section 3802 (relating to driving under influence of alcohol or controlled substance)** is guilty of homicide by vehicle, a felony of the third degree, when the violation is the cause of death.

75 Pa.C.S.A. § 3732(a) (emphasis added). Likewise, Section 3732.1 provides:

### § 3732.1.  Aggravated assault by vehicle

of speed is relevant and informative on whether he was reckless or grossly negligent.

Appellee further claims the Commonwealth's appeal is improper under this Court's decision in **Commonwealth v. Wolgemuth**, 737 A.2d 757 (Pa.Super. 1999), and the proper procedure following the dismissal of charges for failing to make a *prima facie* case is for the Commonwealth to re-arrest and re-charge Appellee. Appellee similarly contends that the Commonwealth's statement of questions presented is deficient under Pa.R.A.P. 2116(a) for

---

**(a) Offense.**—Any person who recklessly or with gross negligence causes serious bodily injury to another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic, **except section 3802 (relating to driving under influence of alcohol or controlled substance)**, is guilty of aggravated assault by vehicle, a felony of the third degree when the violation is the cause of the injury.

75 Pa.C.S.A. § 3732.1(a) (emphasis added). Thus, the charges of homicide by vehicle and aggravated assault by vehicle exclude Section 3802 (relating to driving under influence of alcohol or controlled substance). 75 Pa.C.S.A. §§ 3732(a), 3732.1(a). **See also Commonwealth v. Mastromatteo**, 719 A.2d 1081, 1083 (Pa.Super. 1998) (stating: "[D]riving under the influence of intoxicating substances does not create legal recklessness *per se* but must be accompanied with other tangible indicia of unsafe driving to a degree that creates a substantial risk of injury which is consciously disregarded"). Further, 75 Pa.C.S.A. § 3802(d)(1)(iii), concerning metabolite in the blood, is a strict liability offense *per se* and does not have a *mens rea of* recklessness or gross negligence. **See generally Commonwealth v. Jones**, 121 A.3d 524, 529 (Pa.Super. 2015) (stating: "[T]he Vehicle Code precludes an individual from operating a motor vehicle with **any** amount of scheduled controlled substance, or a metabolite thereof, in the driver's blood") (emphasis in original).

failing to include every subsidiary argument raised on appeal, which means the Commonwealth waived its issues, and this Court should deny the appeal. Appellee also maintains the correct appellate standard of review is an abuse of discretion, and absent a manifestly unreasonable judgment, the trial court ruling should be upheld.

The Commonwealth replies that an appeal to this Court is the only procedurally proper response to the trial court's order granting *habeas corpus* relief in the form of dismissal of the charges. The Commonwealth distinguishes **Wolgemuth, supra**, because that case concerned the dismissal of charges by the magisterial district court, not the Court of Common Pleas. Because this appeal arises from a dismissal of charges in the Court of Common Pleas, and not the magistrate, the Commonwealth's only option for review is to take a direct appeal to this Court.[3] As to Appellee's contention that the Commonwealth's Rule 1925(b) statement is deficient, the Commonwealth submits Appellee is mistaken.[4] Further, the Commonwealth observes that its appellate brief materially conforms in all respects with the applicable rules,

---

[3] The Commonwealth's appeal is procedurally proper. **See** Pa.R.A.P. 311(d); **Commonwealth v. Dantzler**, 135 A.3d 1109, 1110 n.1 (Pa.Super. 2016) (*en banc*). Thus, Appellee's reliance on **Wolgemuth, supra** is misplaced. There are simply no jurisdictional impediments to our review at this time.

[4] Rule 2116 expressly provides that the appellant's question presented must be concisely stated and "will be deemed to include every subsidiary question fairly comprised therein." **See** Pa.R.A.P. 2116(a). Thus, the Commonwealth is correct on this point of contention.

and the omissions alleged are not "substantial" or significantly impair appellate review. Finally, the Commonwealth asserts the correct standard of review on appeal in the present case is plenary, rather than an abuse of discretion. For all these reasons, the Commonwealth concludes we should reverse the order of the trial court which dismissed the counts of homicide by vehicle (non-DUI) and aggravated assault by vehicle (non-DUI) and direct the court to reinstate these charges. We disagree.

A pre-trial *habeas* decision is not subject to an abuse of discretion standard. **Commonwealth v. Karetny**, 583 Pa. 514, 880 A.2d 505 (2005). Instead, the trial court's decision on whether the Commonwealth's evidence makes out a *prima facie* case for a charged crime is a question of law subject to plenary review. **Dantzler, supra** at 1112 (citing **Karetny, supra**).

In response to the Commonwealth's claims, the trial court reasoned as follows:

### Discussion

The Superior Court of Pennsylvania has instructed:

> [I]n reviewing a trial court's order granting a defendant's petition for writ of *habeas corpus*, we must generally consider whether the record supports the trial court's findings, and whether the inferences and legal conclusions drawn from those findings are free from error. A trial court may grant a defendant's petition for writ [of] *habeas corpus* [after a preliminary hearing] where the Commonwealth has failed to present a *prima facie* case against the defendant.

\* \* \*

… A *prima facie* case exists when the Commonwealth produces evidence of each of the material elements of the crime charged and establishes probable cause to warrant the belief that the accused committed the offense. Further, the evidence must be considered in the light most favorable to the Commonwealth so that inferences that would support a guilty verdict are given effect.

In addition, the evidence should be such that if presented at trial, and accepted as true, the judge would be warranted in allowing the case to go to the jury. The standard clearly does not require that the Commonwealth prove the accused's guilt beyond a reasonable doubt at this stage. Most significant in this appeal, the weight and credibility of the evidence is not a factor at this stage.

**Commonwealth v. Hilliard**, 172 A.3d 5, 10 (Pa.Super. 2017) (internal citations and quotation marks omitted).

The Superior Court has also observed:

A pre-trial *habeas corpus* motion is the proper means for testing whether the Commonwealth has sufficient evidence to establish a *prima facie* case. To demonstrate that a *prima facie* case exists, the Commonwealth must produce evidence of every material element of the charged offense(s) as well as the defendant's complicity therein. To meet its burden, the Commonwealth may utilize the evidence presented at the preliminary hearing and also may submit additional proof.

[**Dantzler, supra** at 111[2] (internal citations and quotation marks omitted).

We are also aware that our Superior Court has stated that the trial court is afforded no discretion in ascertaining whether, as a matter of law and in light of the facts presented to it, the Commonwealth has carried its pre-trial, *prima facie* burden to make out the elements of a charged crime.

\* \* \*

18 Pa.C.S.A. § 302 of the Crimes Code defines the general requirements for culpability including in relevant part the elements of recklessness and negligence.

**§ 302. General requirements of culpability**

**(a) Minimum requirements of culpability.** – Except as provided in section 305 of this title (relating to limitations on scope of culpability requirements), a person is not guilty of an offense unless he acted intentionally, knowingly, recklessly or negligently, as the law may require, with respect to each material element of the offense.

**(b) Kinds of culpability defined.** –

\* \* \*

(3) A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

(4) A person acts negligently with respect to a material element of an offense when he should be aware of a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that the actor's failure to perceive it, considering the nature and intent of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation.

18 Pa.C.S.A. § 302[(a), (b)(3-4).]

The Superior Court has observed, however, that extant case

law makes clear gross negligence is not the equivalent of criminal negligence as defined in 18 Pa.C.S.A. § 302(b)(4)[;] rather the concept of gross negligence is encompassed within the concept of recklessness as set forth in Section 302(b)(3).[5]

In evaluating Appellee's request for a writ of *habeas corpus* to dismiss the non-DUI charges of Homicide by Vehicle and Aggravated Assault by Vehicle in the case *sub judice*, [the court] was aware of the legion of case law which requires that the evidence must be considered in the light most favorable to the Commonwealth….

Here, however, after reviewing the evidence and considering the arguments of counsel, [the court] determined that…the Commonwealth had failed to produce any evidence of [Appellee's] alleged recklessness or gross negligence that would support the charges of Homicide by Vehicle and Aggravated Assault by Vehicle. While there was a suggestion that Detective Corporal Koretsky "believed the defendant was on Xanax and that he had ingested heroin several days before, and he had pinpoint eye pupils," …, there was no other evidence to demonstrate that [Appellee's] behavior was reckless or grossly negligent.

The evidence revealed that [Appellee] was travelling at approximately 53 to 57 miles per hour in a posted 45 mile per hour zone on a relatively straight and clear roadway. This would suggest that while [Appellee] was indeed driving in excess of the speed limit, his travel speed of 8 to 12 miles per hour over the posted speed limit in that area was not reckless or grossly negligent. Furthermore, the video that was played in court, …, showing [both] vehicles passing by, did not reveal reckless behavior by [Appellee]. The evidence indicated that the [Victims] were travelling at the substantially reduced speed of 25 to 26 miles per hour in that 45 mile per hour speed zone, which could arguably have contributed to the collision. Moreover, the evidence revealed that the right front of [Appellee's] pickup truck

---

[5] ***See Commonwealth v. Huggins***, 575 Pa. 395, 836 A.2d 862 (2003) (stating generally that *mens rea* of recklessness and gross negligence in criminal context are fundamentally equivalent).

impacted the left rear of the [Victims'] vehicle, which was clearly an "offset" impact. This suggests that the [Victims'] vehicle was turning off the roadway, albeit at a speed slower than [Appellee] anticipated. While we are not suggesting that the [Victims] caused the collision by driving at a slow speed in that area, that factor merits consideration when evaluating [Appellee's] alleged reckless or grossly negligent conduct, and it would suggest that [Appellee's] conduct was instead simply negligent.[6]

**Conclusion**

The Commonwealth has failed to produce evidence that would suggest that [Appellee] was reckless or grossly negligent as he was driving his pickup truck prior to colliding with the [Victims'] Honda sedan. Consequently, the charges of Homicide by Vehicle and Aggravated Assault by Vehicle are not supported, and we respectfully request for the reasons stated above that the Commonwealth's appeal be denied.

(Trial Court Opinion at 4-8) (internal footnote omitted; some internal citations and quotation marks omitted)). We agree. Here, the Commonwealth failed to produce any evidence that Appellee acted with the criminal recklessness or gross negligence needed to support the charges of non-DUI homicide by vehicle and non-DUI aggravated assault by vehicle.

We also reject the Commonwealth's suggestion that Appellee's summary offenses alone established the requisite *mens rea* of recklessness, because the assertion that a motor vehicle code violation, without more, is a

---

[6] We confirm that a victim's contributory negligence is not a defense to a criminal charge when evaluating whether the defendant's actions were a substantial factor causing the victim's death. **Commonwealth v. McCloskey**, 835 A.2d 801, 809 (Pa.Super. 2003). Nevertheless, we are not assessing causation in this case at this time.

form of "recklessness *per se*" is contrary to case law. ***See Commonwealth v. Bullick***, 830 A.2d 998, 1003-04 (Pa.Super. 2003) (stating: "What is material is actual reckless driving or conduct…for it is this conduct which creates the peril in question").

Further, we reject the Commonwealth's claim that the court acted on an incomplete record because it relied only on evidence from the *habeas corpus* hearing. Here, upon defense objection to the non-DUI charges at the preliminary hearing on the ground of lack of evidence of the requisite *mens rea*, the Magistrate deferred the question of *mens rea* to the trial court, stating: "I understand your argument, it's very close. But I am going to hold it for the hearing—or the trial, and certainly that's something you can argue at Common Pleas and you may prevail." (***See*** N.T. Preliminary Hearing, 9/18/17, at 63; R.R. at Exhibit E, 72a.) The Commonwealth can hardly say the Magistrate's decision was definitive. Additionally, at the *habeas corpus* hearing the trial court said it had not yet reviewed the preliminary hearing testimony and, at the end of the hearing, the court declared it would take the matter under advisement and issue an order in due course. (***See*** N.T. *Habeas Corpus* Hearing, 10/27/17, at 3, 36; R.R. at Exhibit F, 76a, 109a.) The Commonwealth can know only that the court did not review the preliminary hearing testimony **before** the *habeas corpus* hearing. The Commonwealth does not know for sure if the court ever reviewed the preliminary hearing testimony before the court made its final ruling. Therefore, the

Commonwealth's blanket statement on what the court did or did not review has no basis.

Based on the foregoing, we hold the trial court properly dismissed those charges of homicide by vehicle (non-DUI) and aggravated assault by vehicle (non-DUI) against Appellee for the Commonwealth's failure to produce any evidence that Appellee acted with the criminal recklessness or gross negligence necessary to support those charges. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2018