J-A16011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHILIP AURTHUR SAILOR | : | |
| | : | |
| Appellant | : | No. 970 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 8, 2019
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-CR-0000724-2015

BEFORE:  PANELLA, P.J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, P.J.:          **FILED FEBRUARY 03, 2021**

Phillip A. Sailor appeals from the judgment of sentence imposed after a jury convicted him of, among other offenses, aggravated assault by vehicle while driving under the influence, *see* 75 Pa.C.S.A. § 3735.1, aggravated assault by vehicle, *see* 75 Pa.C.S.A. § 3732.1, and three separate counts of driving under influence of alcohol or controlled substance, *see* 75 Pa.C.S.A. §§ 3028(d)(1)(i), 3028(d)(1)(iii), 3028(d)(2). The trial court sentenced Sailor to an aggregate term of two to five years of incarceration.

In our first review of this case, we remanded the matter so that competent testimony could be placed on the record regarding certain alleged *ex parte* communications that occurred between the trial court and a juror. The court, having now properly conducted that hearing, concluded that those communications were, at most, harmless error and did not impact Sailor's convictions. Having now independently reviewed the record,

we affirm the trial court's harmless error determination and conclude that Sailor's remaining issues merit no relief.

Sailor was driving at dusk when he struck and seriously injured a pedestrian. The pedestrian was wearing dark clothing while crossing the street without the aid of a crosswalk. Sailor stayed with the injured pedestrian until law enforcement and emergency medical services arrived.

A law enforcement officer noticed that Sailor appeared impaired, observing his bloodshot eyes as well as slow responsiveness and movement. Sailor subsequently agreed to a field sobriety test. Thereafter, a search of Sailor's vehicle uncovered a half-smoked marijuana cigarette. A blood test revealed marijuana metabolites in his system.

Ultimately, a jury found Sailor guilty of several vehicular- and drug-related crimes. However, prior to those verdicts, the court, apparently within earshot of other jurors, had an *ex parte* conversation with the second alternate juror. The juror asked the Judge about when Sailor's sentencing, if it were to be necessary, would occur, and the Judge answered. The court excused the second alternate juror prior to deliberations.

After the trial but before sentencing, the court informed the parties of the general nature of the communication between it and that second alternate juror. The court characterized its dialogue with that juror as a procedural discussion of the judicial process, rather than a discussion of the particulars of the case against Sailor.

Following this characterization, Sailor filed a motion to recuse, asking

the trial court to recuse itself in all subsequent proceedings so that it could become a fact witness to further develop the content of this conversation between it and the juror. The trial court denied this motion, indicating that it would place on the record what had occurred.

Sailor then orally moved for extraordinary relief. The court denied the oral motion and responded by testifying, on the record, about its communication with the alternate juror. During this testimony, no other judge was present to preside during the testimony. Following this testimony as well as the testimony of the trial court's then legal intern who was also privy to this conversation, it sentenced Sailor.

After sentencing, Sailor filed several post-sentence motions, but all were denied. Sailor then filed a timely notice of appeal, and both he and the trial court have compiled with the respective dictates of Pa.R.A.P. 1925.

After our remand, the court held a new hearing with an independent presiding judge. This moots Sailor's second issue, challenging the court's testimony in the absence of an independent presiding judge. We therefore need not address this issue further. Sailor presents three remaining issues for our review:

> 1. Did the trial court err in denying his request for a new trial where the court engaged in *ex parte* communications with one or more jurors during the course of the trial regarding when the sentencing would be and where the court failed to inform the parties of the communications until after a verdict was rendered in the case?

> 2. Was the evidence insufficient to support a guilty verdict for

aggravated assault by vehicle while driving under the influence?

3. Was the evidence insufficient to support a guilty verdict for aggravated assault by vehicle?

*See* Appellant's Brief, at 9-10.[1]

The primary thrust of Sailor's first argument is that he is entitled to a new trial as a result of the *ex parte* conversation between the court and the alternate juror. As we have previously indicated, Pennsylvania law generally prohibits a presiding judge from communicating *ex parte* with jurors during a trial. ***See Commonwealth v. Bradley***, 459 A.2d 733, 739 (Pa. 1983). This rule is intended to prevent undue influence of the jury and to provide the parties with the opportunity to correct any errors in, or prejudice caused by, the communication. ***See id***. However, a new trial is only required if the appellant has established that the communication prejudiced the appellant. ***See id***. Nonetheless, the "failure to maintain an accurate and reviewable contemporaneous record of all instructions and communications between the court and a jury may force an implication of prejudice where arguably none exists." ***Id***.

Prejudice is determined through consideration of whether or not the alleged error is harmless, i.e, harmless error. ***See Commonwealth v. Elmore***, 494 A.2d 1050, 1052 (Pa. 1985). "[A]n error cannot be held harmless unless the appellate court determines that the error could not have

---

[1] The Commonwealth did not file a brief in this appeal.

contributed to the verdict." ***Commonwealth v. Story***, 383 A.2d 155, 164 (Pa. 1978). Importantly, questions regarding influence on jurors "are deemed to be within the sound discretion of the trial judge," ***Commonwealth v. Richardson***, 383 A.2d 510, 516 (Pa. 1978), and judicial determinations in that domain will not be overturned absent an abuse of discretion.

As best can be discerned, Sailor's argument centers on the lack of a contemporaneous record of the court/juror communication, given: 1) the delayed dissemination to the parties of this event having taken place; and 2) that two months had elapsed before any testimony was taken on this issue. ***See*** Appellant's Supplemental Brief, at 2. Moreover, Sailor highlights several ambiguities arising from the trial court's and intern's testimonies. In particular, he notes that the testimony is conflicted regarding the identity of the juror involved, as well as the exact date on which the conversation occurred. ***See id***. These inconsistencies, he concludes, raise the specter of undue influence over not only the juror who asked the question, but also the jury as a whole. Because Sailor did not find out about this conversation until after the verdict was rendered, he contends he lost the opportunity to question the jurors or build a record when evidence of the communication was more immediate in the court and other witnesses' minds.

Both the trial court and trial court's prior legal intern agree that the relevant conversation dealt with sentencing. ***See*** Remand Hearing, 11/12/20,

at 10, 22-23. In addition, there is agreement that at least one other individual, potentially another juror, was present at that time. ***See id***., at 10, 23 (the legal intern did not recall whether it was a juror or courthouse employee that was present beyond that of the court, the intern, and the known juror).

At the remand hearing, the email sent to the parties one day after the jury rendered its verdict apprising them of the nature of the communication between the court and the juror was entered into the record. ***See*** Remand Hearing, 11/12/20, Ex. D1. In that email, which is the most proximate account of the *ex parte* event, the court states that a juror "asked when the sentencing would be." ***Id***. Acknowledging the juror's misunderstanding that she would somehow be needed for sentencing purposes, the court responded that "jurors have no involvement in sentencing and that the issue of guilt first has to be decided." ***Id***. As made clear in the email, the court thought this question to be procedural in nature rather than specific to Sailor and therefore used that opportunity to educate that juror. ***See id***.

The court materially reaffirmed its testimony in the remand hearing. The court considered the conversation between the juror and itself to be "ministerial at best." Remand Hearing, 11/12/20, at 10. The court then indicated that it candidly responded to the juror's question asking when sentencing would be by unequivocally stating that the jurors do not decide that issue. The court also emphasized that the juror in question was

excused at some point thereafter. *See id*., at 11.

We perceive no inconsistencies in the testimonies and evidence describing the fundamental nature of the communication between the juror and the court. With the email serving as the most contemporaneous account of the communication, the court makes clear that it was quick to dismiss any notion that guilt had been adjudicated at that point or that any of the jurors would have involvement with sentencing. The court perceived the juror's question as generically asking about court procedure, and there have been no facts uncovered or suggested that are specific to Sailor and his case or that could possibly serve as a basis for prejudgment. Furthermore, none of the conversation's content is contradicted by the prior legal intern's testimony. While there remains some level of ambiguity as to the identity of the juror and discongruity as to the exact moment that juror was specifically dismissed, we can find no basis for concluding the trial court abused its discretion in finding that Sailor was not prejudiced by the conversation. Sailor's claim merits no relief.

Sailor's remaining issues deal with the sufficiency of the evidence used to maintain his aggravated assault by vehicle while DUI and aggravated assault by vehicle convictions. We review challenges to the sufficiency of the evidence with great deference to the credibility determinations of the jury:

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact[-]finder to find every element of the crime

beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth may not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Lambert*, 795 A.2d 1010, 1014–15 (Pa. Super. 2002) (citations omitted).

An individual is guilty of aggravated assault by vehicle while driving under the influence if he or she "negligently causes bodily injury to another person as a result of … driving under the influence of alcohol or controlled substance[.]" 75 Pa.C.S.A. § 3735.1(a). Sailor contends that "[t]he evidence presented by the Commonwealth did not establish that [his] conduct was a direct and substantial factor in the accident as required to support a conviction." Appellant's Brief, at 25. Instead, Sailor asserts that the trial evidence only demonstrated that his vehicle struck a pedestrian who "did not cross at a crosswalk" while at dusk and "was wearing dark shoes, dark peacoat, and burgundy pants at the time of the accident." *Id*., at 26. Accordingly, he contends the Commonwealth failed to demonstrate that Sailor was the "proximate and substantial cause of [the] accident" as

there was no demonstration that he could have seen the victim prior to her being "directly in front of his vehicle." *Id*., at 27.

"In order to be a direct cause of [an] accident and injuries, the [d]efendant's conduct must be *a* direct and substantial factor in bringing about [an] accident and injuries. There can be more than one direct cause of [an] accident and injuries." **Commonwealth v. Ketterer**, 725 A.2d 801, 805 (Pa. Super. 1999) (emphasis added). "[A] victim's contributory negligence, if any, is not a defense … if the defendant's conduct was a direct and substantial factor in causing the accident." *Id*. (citation omitted) (alteration in original). In addition, "a factfinder can reasonably find a person's intoxication to be the cause of unsafe driving leading to bodily injury." **Commonwealth v. Sullivan**, 864 A.2d 1246, 1250-51 (Pa. Super. 2004) (explaining, too, that remorse does not vitiate otherwise sufficient evidence).

Sailor does not dispute the fact that his vehicle striking the victim resulted in her sustaining serious injuries. Nor does he explicitly challenge the *mens rea* required for his conviction. Finally, he does not challenge that the evidence was sufficient to establish he was intoxicated. Instead, Sailor appears to exclusively argue either that his intoxication did not cause the accident or that it was solely the victim's own negligence that caused her injuries. However, as stated above, as long as a defendant's conduct is a direct and substantial factor, that adjudication alone is sufficient to support a conviction. **See id**.

When viewing the record in its totality, we find there to have been enough support for a jury to conclude that Sailor's intoxication played a direct and substantial role in his vehicle striking the victim. When the accident occurred, the weather conditions were cold and dry, suggesting that the incident was not attributable to the weather. *See* N.T., 10/30/18, at 37. The trooper assigned to the accident's location testified that Sailor was "[i]ndifferent, displayed no emotion." *Id*., at 35. Sailor had "bloodshot eyes" and "later on in the field sobriety tests[,] he displayed an imbalance." *Id*., at 36. Sailor was "[s]luggish. Lethargic almost." *Id*. Sailor also incorrectly stated that he had "observed the victim walking from right to left in front of his car," when, in fact, the victim had been walking in the opposite direction. *Id*., at 32.

As he approached Sailor's vehicle, the trooper noticed "a strong smell of burnt marijuana." *Id*., at 32. Sailor then proceeded to fail multiple field sobriety tests. *See id*., at 36-42. After that, the trooper searched his vehicle and "found a half smoked marijuana cigarette underneath the floor-mat." *Id*., at 42. Ultimately, that trooper concluded, based on all of the circumstances, both physically observable and corroborated though physical evidence, that "he was under the influence of marijuana." *Id*.

The court also highlighted that a Commonwealth expert apprised the jury "as to the effects marijuana might have on an individual, which included causing relaxation, impacting judgment and impairing an individual's ability to

drive safely." Trial Court Opinion, 5/13/19, at 10 (citation to the notes of testimony omitted). As the Commonwealth may prove its case purely through use of circumstantial evidence and given that we, as an appellate court, are prohibited from reweighing the jury's credibility determinations, the jury could certainly have inferred that regardless of the victim's own actions, Sailor's intoxication directly and substantially led to him ultimately hitting her with his vehicle.

Similarly, Sailor challenges the sufficiency of the evidence used to convict him of aggravated assault by vehicle. That offense indicates a person is guilty if he or she "recklessly or with gross negligence causes serious bodily injury to another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic[.]" 75 Pa.C.S.A. § 3732.1(a). The culpability for recklessness or gross negligence is defined as follows:

> A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S.A. § 302(b)(3); *see also Commonwealth v. Huggins*, 86 A.2d 862, 868 (Pa. 2003) (indicating that "grossly negligent" is equivalent to the term "recklessness"). Conversely, proof of the commission of a summary offense under the Vehicle Code alone does not, by itself, establish

the *mens rea* of recklessness. *See Commonwealth v. Karner*, 193 A.3d 986, 993 (Pa. Super. 2018).

The gravamen of Sailor's argument is that "mere speeding is not sufficient to establish recklessness or gross negligence." Appellant's Brief, at 28. Sailor admits that evidence was presented indicating he was speeding at the time of the accident. *See id*.

In *Commonwealth v. Moyer*, we found that appellant's behavior to be reckless when, instead of coming to a complete stop, she "drove at a speed of 12 miles per hour past a stop sign onto a busy street with a building obstructing her view of the cross traffic as she approached the intersection." 171 A.3d 849, 854 (Pa. Super. 2017). Although there was arguably only one violation of the Vehicle Code present in that case, the appellant's speed while entering the intersection, the volume of traffic on the adjacent cross street, her obstructed vision from the nearby building, and her preexisting knowledge about the peculiarities of that intersection constituted sufficient evidence to support a finding of reckless behavior. *See id*.

Sailor argues that the circumstantial evidence presented by the Commonwealth does not support a finding of recklessness. More specifically, he focuses on the fact that "ordinary" or "common" speeding does not necessarily establish recklessness. However, depending on the attendant circumstances, speed can imply a reckless state of mind. *See Commonwealth v. Bullick*, 830 A.2d 998, 1005 (Pa. Super. 2003). Moreover, while Sailor's drug impairment is not reckless per se, it is a relevant

circumstance to be considered when determining whether he acted recklessly. *See Commonwealth v. Miller*, 955 A.2d 419, 423 (Pa. Super. 2008). In *Miller*, our Court determined that marijuana usage, speeding, ignoring traffic signals, and generally unsafe driving practices "allowed the trier-of-fact to find appellant guilty … because of his sustained recklessness in the face of an obvious risk of harm to his victims." *Id*.

Here, the trier of fact heard testimony indicating that Sailor was driving fifteen to twenty miles an hour over the speed limit, was voluntarily impaired due to his consumption of marijuana, was driving at dusk, was driving in a school zone, was slow to utilize his brakes upon impact with the victim, and was unable to truthfully recall general facts regarding the victim's route of travel across the road. Accordingly, we find that the circumstances established by the Commonwealth's evidence were sufficient to allow the jury to find that Sailor's actions evidenced a conscious disregard of the substantial and unjustified risk that he would be involved in a traffic accident causing serious bodily injury. As such, Sailor is due no relief on this sufficiency of the evidence challenge.

As we find none of Sailor's issues to be meritorious, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>02/03/2021</u>