J-S07024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARLOS JESUS RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 1381 MDA 2024 |

Appeal from the Judgment of Sentence Entered August 20, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000046-2023

BEFORE: NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:             **FILED JUNE 09, 2025**

Carlos Jesus Rodriuez appeals from the judgment of sentence imposed following his convictions for driving under the influence ("DUI") of a controlled substance and operating a motor vehicle not equipped with ignition interlock.[1] He challenges the denial of his motion for judgment of acquittal and the weight of the evidence on his DUI conviction. We affirm.

Rodriquez was stopped in November 2022 by Chief James Bonner of the West Penn Township Police Department after Chief Bonner observed Rodriquez traveling northbound on Route 309 in the middle of a two-lane roadway between the broken white lines. N.T., 6/13/24, at 37. After he pulled over Rodriquez's vehicle, Chief Bonner observed that Rodriquez was "real excited, kind of babbling, talking that how he was royalty" and was "not

_____

[1] 75 Pa.C.S.A. §§ 3802(d)(1)(i) and 3808(a)(2), respectively.

making any sense at all." *Id.* at 40. He did not observe any odor of marijuana or discover any drugs or drug paraphernalia on Rodriquez, and the vehicle was not equipped with an ignition interlock device. *Id.* at 40, 64-65. Chief Bonner conducted field sobriety tests and determined that Rodriguez "was under the influence of a controlled substance to a degree that rendered him incapable of safe driving." *Id.* at 40-47. Chief Bonner then transported Rodriquez to the hospital for a blood draw. *Id.* at 48. Along the way, Rodriquez made bizarre statements including that his mother was the Queen of England and he was royalty, and yelled loudly, "Eat, Bonner, eat." *Id.* at 48-49. Chief Bonner stated that this behavior continued during the entire ride to the hospital and was captured on his body camera. *Id.* at 49, 65-66. Upon arrival at the hospital, Rodriquez gave his consent for a blood draw. *Id.* at 53. The blood specimen was then sent to the lab for testing. *Id.* at 67.

At trial, the parties stipulated that a toxicologist from NMS Labs, Dr. Sherri Kacinko, PhD, was an expert in the field of forensic toxicology. *Id.* at 68-69. Dr. Kacinko testified that Rodriquez's blood sample contained approximately 1.5 nanograms of the primary active chemical in marijuana, delta-9-THC. *Id.* at 77, 80. Dr. Kacinko testified that the presence of delta-9-THC may affect a person's ability to drive a motor vehicle because it may cause the person to have a slower reaction time to respond to stimuli, affect their perception of time and distance, cause sleepiness, and "affect someone's ability to pay attention for a long period of time." *Id.* at 78-79.

On cross-examination, Dr. Kacinko testified that delta-9-THC can be positive in an individual's blood for days or weeks after the last time it was used and admitted that it may be possible for an individual to have a level of THC in their blood system and not be impaired. *Id.* at 80.

At the conclusion of the trial, Rodriquez was found guilty of the above offenses. The jury found Rodriquez not guilty of being under the influence of a controlled substance to a degree that rendered him incapable of safely operating a motor vehicle under 75 Pa.C.S.A. § 3802(d)(2). The court sentenced Rodriquez to a period of incarceration of 15 months to eight years. Rodriquez filed post-sentence motions for judgment of acquittal and a new trial, which were denied. This appeal followed.

Rodriquez raises a single issue in his Statement of Question Involved: "Whether the guilty verdict on the charge of driving under the influence of a controlled substance in violation of 75 Pa.C.S.A. § 3802(d)(1)(i) was against the weight of the evidence?" Rodriquez's Br. at 3.

Despite not raising it in his Statement of Question Involved, Rodriquez sets forth an additional issue in the argument section of his brief, challenging the denial of his motion for judgment of acquittal. *See id.* at 12-13. Although Rule of Appellate Procedure 2116(a) states that this Court will not consider a question that is not included in the statement of questions involved, "such a defect may be overlooked where [an] appellant's brief suggests the specific issue to be reviewed and appellant's failure does not impede our ability to address the merits of the issue." *Werner v. Werner*, 149 A.3d 338, 341

(Pa.Super. 2016) (citation omitted) (alteration in original). Since the issue is readily ascertainable, our review is not impeded by Rodriquez's error. We therefore do not find this issue waived and address it first.

Rodriquez argues the court erred in denying his motion for acquittal because the evidence was insufficient to sustain his conviction for DUI of a controlled substance in violation of 75 Pa.C.S.A. § 3802(d)(1)(i). He maintains that he was convicted of the offense due to having a very low amount of legally prescribed THC in his system, and that the jury found him not guilty of being under the influence of a controlled substance to a degree that rendered him incapable of safely operating a motor vehicle in violation of 75 Pa.C.S.A. § 3802(d)(2). Rodriguez points out that the Commonwealth's expert testified that THC could remain in an individual's blood for days or weeks and it may be possible for an individual to have THC in their system and not be impaired. According to Rodriquez, "[i]t is certainly possible that [he] may have been convicted of driving under the influence while actually not being impaired" and thus "it is difficult to ascertain how the Commonwealth could prove the charge of driving under the influence beyond a reasonable doubt." Rodriquez's Br. at 13.

"A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge." *Commonwealth v. Emanuel*, 86 A.3d 892, 894 (Pa.Super. 2014)

(citation omitted). Accordingly, we apply the following standard of review to sufficiency claims arising in the context of a motion for judgment of acquittal:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt . . . When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Stahl*, 175 A.3d 301, 303-04 (Pa.Super. 2017) (citation omitted, emphasis removed).

Section 3802(d)(1) of the Vehicle Code provides:

> **(d) Controlled substances.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
> (1) There is in the individual's blood **any** amount of a:
>
> (i) Schedule I controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act ["CSA".]

75 Pa.C.S.A. § 3802(d)(1)(i) (emphasis added, footnote omitted). Thus, Section 3802(d)(1) "makes it a crime for a person to drive after using a Schedule I controlled substance." *Commonwealth v. Given*, 244 A.3d 508, 511 (Pa.Super. 2020). Marijuana is a Schedule 1 controlled substance under the CSA. *See* 35 P.S. § 780-104(1)(iv); *see also Commonwealth v. Dabney*, 274 A.3d 1283, 1288 (Pa.Super. 2022) (listing marijuana as a Schedule 1 controlled substance); *Given*, 244 A.3d at 509 (stating Delta-9-THC is the active compound in marijuana).

"[F]or purposes of [] Section 3802(d)(1)(i) . . ., it is irrelevant whether the source of the metabolites is lawfully consumed medical marijuana or unlawfully consumed marijuana." ***Commonwealth v. Smith***, 320 A.3d 674, 679 n.3 (Pa.Super. 2024). Finally, "[u]nder Section 3802(d)(1), proof of actual impairment is not required." ***Dabney***, 274 A.3d at 1288 n.6.

Here, the trial court found that the evidence was sufficient to sustain Rodriquez's conviction for DUI under Section 3802(d)(1)(i). The court explained:

> [T]he expert's testimony as to quantity of marijuana in [Rodriquez's] system and the scale of his impairment is immaterial. It is unquestionably clear that the intent of 75 Pa.C.S.[A.] § 3802(d)(1)(i) is to punish individuals who drive with **any** amount of Schedule I controlled substance in his or her blood. Any inquiry into how much of a controlled substance was in [Rodriquez's] system is irrelevant. Proof of actual impairment is not required to support a conviction [under Section 3802(d)(1)] . . .

> [T]he evidence reflected that [Rodriquez] had marijuana in his system at the time of the traffic stop. Much akin to strict liability offenses, this ended the jury's inquiry. That [Rodriquez] had any amount of controlled substance in his blood was sufficient evidence to render a guilty verdict under Section 3802(d)(1)(i).

Trial Court Opinion, filed 9/6/24, at 2 (emphasis in original).

The trial court did not err. This Court recently reiterated that Section 3802(d)(1)(i) prohibits an individual from driving with the presence of any amount of a Schedule 1 controlled substance in one's system irrespective of the level of impairment:

> Section 3802(d)(1)(i) rests . . . on a *per se* proscription against driving while there is present in one's blood a

Schedule I controlled substance or a metabolite thereof. In **Commonwealth v. Karner**, 193 A.3d 986, [989 n.2] (Pa.Super. 2018), this Court acknowledged "75 Pa.C.S.A. § 3802(d)(1)(iii), concerning metabolite in the blood, is a strict liability offense *per se* and does not have a *mens rea* of recklessness or gross negligence. **See generally Commonwealth v. Jones**, 121 A.3d 524, 529 (Pa.Super. 2015) (stating: '[T]he Vehicle Code precludes an individual from operating a motor vehicle with **any** amount of scheduled controlled substance, or a metabolite thereof, in the driver's blood') (emphasis in original)." **See also** 10A West's Pa. Prac., Driving Under the Influence § 27:36 (2022 ed.) ("There is no requirement [in § 3802(d)(1)] that the individual be either [']under the influence['] of the prohibited substance or that the person's ability to operate a vehicle safely be impaired in any way."). Indeed, the DUI statutory scheme has a separate subsection, Subsection 3802(d)(2), attaching criminal liability based specifically on evidence of impairment.

**Smith**, 320 A.3d at 690-91. Rodriquez's argument that the Commonwealth failed to prove that he was impaired at the time of the incident is therefore irrelevant. Rodriquez consented to a blood draw and his sample tested positive for TCH. He makes no argument alleging the blood sample was faulty or incorrect.[2] Such evidence was sufficient to support Rodriquez's conviction under Section 3802(d)(1)(i). No relief is due.

Rodriquez next argues that his conviction for DUI of a controlled substance in violation of 75 Pa.C.S.A. § 3802(d)(1)(i) was against the weight of the evidence. A weight claim is for the trial court in the first instance. **See Commonwealth v. Stiles**, 143 A.3d 968, 980 (Pa.Super. 2016). Because the

---

[2] The parties, in fact, stipulated that the proper chain of custody of Rodriquez's blood sample was maintained at all times from the time the blood was drawn until the time it was tested at the lab. **See** N.T. at 66-68.

trial court heard the testimony firsthand, we must "give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence." ***Commonwealth v. Fallon***, 275 A.3d 1099, 1107 (Pa.Super. 2022) (citation omitted). The trial court may sustain a weight challenge and grant a new trial only "when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." ***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (citation omitted). We review the trial court's rejection of a challenge to the weight of the evidence for an abuse of discretion. ***Commonwealth v. Windslowe***, 158 A.3d 698, 712 (Pa.Super. 2017).

Rodriquez's weight argument relies on the same facts as his sufficiency challenge. On this record, we cannot say that the trial court abused its discretion in denying the weight claim.

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 06/09/2025

- 8 -