J-A17012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRENDON CHRISTOPHER HOSACK | : | |
| | : | |
| Appellant | : | No. 1459 WDA 2024 |

Appeal from the Judgment of Sentence Entered October 25, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-SA-0000560-2024

BEFORE:  McLAUGHLIN, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED:  September 26, 2025**

Brendon Christopher Hosack appeals from the judgment of sentence entered following his convictions for reckless driving, passing prohibited, and failure to stop at a stop sign.[1] He challenges the sufficiency of the evidence. We affirm.

Evidence of the following was presented at Hosack's bench trial. Around 10:00 p.m., while monitoring traffic, Officer Erica Gatz heard horns honking. N.T., Trial, 10/25/24, at 4, 5. She then saw a vehicle that she later determined was being driven by Hosack drive "to the lane of traffic passing two vehicles." *Id.* The lane that Hosack crossed had a solid line. *Id.* at 10. Officer Gatz activated her lights and sirens and followed Hosack. *Id.* at 4. She stated that Hosack drove "at a high rate of speed" while "going through stop signs." *Id.*

---

[1] 75 Pa.C.S.A. §§ 3736(a), 3307(b), and 3323(b), respectively.

at 5-6. It took Officer Gatz "a couple of minutes" to catch up to Hosack because she "was being safer while catching up to him" by stopping at the stop signs. *Id.* at 8. She testified that when Hosack passed the two vehicles, there were no vehicles in the main lane of traffic. When he drove through the stop signs, he did not collide with other vehicles. *Id.*

The court found Hosack guilty of the above offenses and imposed fines for each offense. Hosack filed a post-sentence motion that the trial court denied. This timely appeal followed.

Hosack raises the following question:

> Is the evidence of record insufficient as a matter of law to support Mr. Hosack's conviction for 75 Pa.C.S.A. § 3736, Reckless Driving, where the Commonwealth failed to prove beyond a reasonable doubt that Mr. Hosack created a substantial risk that property damage or personal injury would follow, or that his driving demonstrated a willful or wanton disregard of the safety of persons or property?

Hosack's Br. at 4.

Hosack challenges the sufficiency of the evidence. Our standard of review for a sufficiency claim is settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of

fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brown*, 23 A.3d 544, 559–60 (Pa.Super. 2011) (*en banc*) (citation omitted).

Hosack argues that the Commonwealth failed to prove the *mens rea* of his reckless driving charge. He maintains that the Commonwealth needed to demonstrate "that [Hosack's] conduct created a substantial risk that injury would result from it." Hosack's Br. at 8. Hosack asserts that the evidence shows that "no other vehicles or persons were at risk from Mr. Hosack's driving" and he "did not cause an accident and/or injury to person or property." *Id.* at 9. He points out that the trial court's reliance on hypothetical facts that "*if* pedestrians had been present, they *could* have been severely injured" is proof that the evidence was insufficient. *Id.* (emphasis in original). Additionally, Hosack argues his "traffic violations alone do not *per se* satisfy the *mens rea* requirement of recklessness . . . [o]therwise, any traffic violation would also give rise to a conviction for [r]eckless [d]riving." *Id.* at 8 (citing *Commonwealth v. Karner*, 193 A.3d 986 (Pa.Super. 2018)).

A person is guilty of reckless driving if he or she "drives any vehicle in willful or wanton disregard for the safety of persons or property[.]" 75 Pa.C.S.A. § 3736(a). Reckless driving requires evidence of "a conscious

- 3 -

disregard for the danger being created by the reckless driving[.]" *Commonwealth v. Greenberg*, 885 A.2d 1025, 1030 (Pa.Super. 2005) (emphasis removed). To prove that element, the Commonwealth must show that the defendant "drove in such a manner that there existed a substantial risk that injury would result from his driving[.]" *Id.* at 1027 (quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1003 (Pa.Super. 2003)). This risk includes "a high probability that a motor vehicle accident would result from driving in that manner, that he was aware of that risk and yet continued to drive in such a manner, in essence, callously disregarding the risk he was creating by his own reckless driving." *Id.* at 1027-28 (quoting *Bullick*, 830 A.2d at 1003). Exceeding the speed limit by itself does not establish reckless driving. *See Bullick*, 830 A.2d at 1005.

We begin by noting that we find the instant case distinguishable from both *Greenberg* and *Bullick*. In both cases, this Court determined that speeding, without more, did not establish the *mens rea* for reckless driving.

In *Greenberg*, we reversed the judgment of sentence following the appellant's conviction for reckless driving. While driving 20 miles per hour over the speed limit, the appellant lost control of his vehicle and collided with another vehicle. Although Greenberg's "driving conduct might support driving at an unsafe speed and/or careless driving," we concluded that it did not rise to the level of willful and wanton disregard for a reckless driving conviction. *Greenberg*, 830 A.2d at 1030.

We also reversed the judgment of sentence for a reckless driving conviction in **Bullick**. Police were dispatched to the scene of a vehicle accident. Police observed skid marks about 100 feet long and Bullick's unoccupied damaged truck about 45 to 60 feet from the roadway. Police encountered Bullick at his home, where he admitted to driving the vehicle and stated that he had had an accident. Bullick also exhibited signs of alcohol intoxication. On appeal, we concluded that the Commonwealth failed to present sufficient evidence of the *mens rea* for reckless driving. We noted that the Commonwealth presented no eyewitness testimony or expert testimony that explained the implications of the skid mark on the rate of speed that Bullick was traveling. We determined that the mere fact that an accident occurred did not establish that Bullick drove recklessly. **Bullick**, 830 A.2d at 1005. Similarly, proof that Bullick may have been speeding did not establish that he drove recklessly. **Id.**

Here, the evidence established more than speeding. While driving at night, Hosack passed two vehicles and barreled through several stop signs, all while traveling at a high rate of speed. This evidence was sufficient to prove Hosack's conscious disregard of the danger created by passing vehicles at night in a no-passing zone and then flying through stop signs at a high rate of speed. Though his driving fortuitously did not result in an accident, it nonetheless displayed his "willful or wanton disregard for the safety of persons or property." 75 Pa.C.S.A. § 3736(a). Viewing the evidence in the light most

favorable to the Commonwealth, we conclude that there was sufficient evidence to support Hosack's conviction for reckless driving.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  09/26/2025